JOHN H. ALCOCK, Respondent, *v.* PATRICK H. DAVITT, Appellant, Impleaded with Others.

FINDINGS OF FACT — WHEN JUDGMENT OF FORECLOSURE CANNOT BE SUSTAINED IN THE ABSENCE OF SPECIFIC FINDINGS BY THE REFEREE UPON THE QUESTION AT ISSUE. Where the issue litigated before a referee in an action to foreclose a mortgage is whether there was any considera-

tion for the mortgage and the only finding of fact by the referee is, sub-
stantially, after reciting matters of evidence which have no proper place
in a finding, that there was no consideration given for the mortgage either
at the time of its execution or for a year previous to that time, but there
is no suggestion that any consideration for the mortgage was advanced at
any other time, the report fails to determine the vital question of fact
on which the whole controversy and the rights of the parties depend, and
a judgment entered on such a report cannot be sustained upon the ground
that one of the conclusions of law is, in reality, a finding of fact that the
presumption of a consideration for the mortgage and of the honesty of
the transaction was not overcome so as to shift upon the plaintiff the
burden of proving a consideration for the mortgage, since such determina-
tion, although correct in law, cannot supply the absence of a finding upon
the question of fact, and in the absence of such finding the Court of
Appeals should not search through the report of the referee for some pre-
text for upholding the judgment.

*Alcock* v. *Weaver,* 84 App. Div. 632, reversed.

(Argued May 19, 1904; decided June 3, 1904.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
May 18, 1903, affirming a judgment in favor of plaintiff
entered upon the report of a referee.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Henry P. Nevins* for appellant. Upon the trial the
defendant established and the referee found that there was
no consideration given for the bond and mortgage in suit at
the time they were executed, nor for a year prior thereto,
and they were, therefore, presumptively void as to creditors.
(Code Civ. Pro. § 840 ; *Case* v. *Boughton,* 11 Wend. 107 ;
*Thompson* v. *Baptist Church,* 10 Barb. 308 ; *Baird* v. *Baird,*
81 Hun, 300 ; *Bringman* v. *Von Glahn,* 71 App. Div. 537.)

*M. B. Jewell* for respondent. The referee's finding that
the bond and mortgage were executed as security for the sum
of money mentioned in them cannot be reviewed in this court,
for the decision of the Appellate Division affirming the judg-
ment was unanimous. (*Hill* v. *Herman,* 59 N. Y. 390 ; *M.*

*L. Ins. Co.* v. *Y. C. Nat. Bank*, 35 App. Div. 218; Code Civ. Pro. § 191; *Reed* v. *McCord*, 160 N. Y. 330; *Ayres* v. *D., L. & W. R. R. Co.*, 158 N. Y. 254; *Hilton* v. *Ernst*, 161 N. Y. 226.)

CULLEN, J.   The action was brought to foreclose a mortgage given by Thomas Weaver, since deceased, to secure the payment of one thousand dollars.   The appellant was a judgment creditor of the mortgagor and owner of the equity of redemption.   He recovered his judgment subsequent to the mortgage on a claim arising before that time.   He was made a party defendant to the foreclosure, and answered, alleging that the mortgage was given without consideration and for the purpose of defrauding the creditors of the mortgagor.   The issues in the action were referred to a referee, who reported in favor of the plaintiff, and the judgment entered on such report has been unanimously affirmed by the Appellate Division.

By reason of the unanimous affirmance, the findings of fact made by the referee are conclusive upon us, and the only questions presented on this appeal are whether such findings support the judgment and whether errors were committed in rulings upon evidence.   The great embarrassment in this case arises from the peculiar character of the findings made by the referee.   It is by no means certain what he intended to find. The issue presented by the pleadings and litigated before the referee was whether there was any consideration for a mortgage or not.   The only finding of fact so denominated by the referee on this issue is: " 3. I further find and decide that at the time of the execution of the said bond and mortgage, as aforesaid, no money passed from the said mortgagee to the said mortgagor as a consideration for said mortgage, and during one year prior to the execution of said mortgage the said mortgagee did not have in any bank or about his person or elsewhere any sum of money exceeding $50.00 at any one time, and no consideration for such mortgage passed from the said mortgagee to the said mortgagor within one year prior to the execution of said mortgage."   The first part of the

finding deals merely with matters of evidence which have no proper place in a finding. The remainder is substantially a finding that there was no consideration given for the mortgage either at the time of its execution or for a year previous to that time. There is, however, no suggestion in the report that any consideration for the mortgage was advanced at any other time. What is the presumption to be drawn from such finding in the absence of any finding that a consideration for the mortgage was given at some other period? Is it the natural presumption from the facts found in the absence of evidence to the contrary that the mortgage was without consideration? This question we do not intend to answer. Whatever presumption there may be in the premises is a presumption of fact, not of law, and it is questions of law only that this court can review. The result is that we have a report before us which fails to determine the vital question of fact on which the whole controversy and the rights of the parties depend, and a judgment entered on such a report cannot be sustained.

The respondent endeavors to hold his judgment on the theory that the second conclusion of law is, in reality, a finding of fact. At times we have treated a finding according to what we deemed to be its true character though erroneously called a conclusion of law or a finding of fact. In such case, however, the nature of the finding has been reasonably clear and apparent. The conclusion of law in this case is as follows: "2. I further find and decide as a conclusion of law that such presumption of such consideration and of the honesty of said transaction was not overcome, so as to shift upon the plaintiff the burden of proving a consideration, by the facts established by the defendant and found and stated in the third finding of fact in this my report." It is to be noted that the learned referee is careful to assert that what he decides in this finding he decides as a conclusion of law, not of fact. Moreover, his conclusion of law strictly construed is entirely correct. Evidence offered by the appellant to establish want of consideration did not shift the burden of proof; the burden of proof remains throughout the whole case upon the party

having the affirmative of the issue. Had the case been tried before a jury instructions as to on whom the burden of proof lay might have been very material, but we are at a loss to see how a determination of that question can supply the absence of a finding on the question of fact. It may be that by this conclusion of law the learned referee intended to decide that the evidence was insufficient on which to base a finding that the mortgage was without consideration. If such is the purport of the conclusion of law then it is erroneous. The facts found in the third finding of fact in the absence of other evidence were entirely sufficient to justify a finding that the mortgage was without consideration though they may not have conclusively established that proposition. In other words, had the referee on such evidence decided that the mortgage was without consideration an appellate court having power to review the facts might have reversed the judgment for error in fact but it could not have reversed it for error in law on the ground that there was no evidence to justify the referee's finding. But the duty cannot be devolved upon us of examining the evidence in the case to determine what its probative effect may be. The Constitution has made findings of fact conclusive upon us when unanimously sustained by the Appellate Division, and in such case we are precluded from reviewing the evidence. It seems to us that this action presented for determination a very simple question, purely one of fact, whether the mortgage in suit was without consideration or not; that the question has not been decided by the trial court as one of fact; and that in the absence of any reasonably clear determination of the facts on which the rights of the parties wholly depend we should not be astute in searching through the report of the referee for some pretext for upholding the judgment.

The judgments of the courts below should be reversed and a new trial had, costs to abide the event.

Parker, Ch. J., Gray, O'Brien, Martin and Werner, JJ., concur; Haight, J., absent.

Judgments reversed, etc.