ISIDORE FOREMAN, Appellant, *v.* MYRON FOREMAN, an Infant, by JAMES J. CONROY, His Guardian ad Litem, Respondent.

238

(Submitted May 2, 1929; decided July 11, 1929.)

*Charles Saleson* for appellant. The trial court erred in disregarding the uncontradicted testimony of disinterested witnesses. (*Lomer* v. *Meeker,* 25 N. Y. 361; *Bryan* v. *Lawatschek,* 191 N. Y. Supp. 317; *Block* v. *Galitzka,* 114 App. Div. 799; *Walbaum* v. *Heaney,* 104 App. Div. 412; *McKeon* v. *Van Slyck,* 223 N. Y. 392.) A court of equity should invest plaintiff with title to the property. The Statute of Frauds is not operative as an instrument of depriving one of his property. (*Gage* v. *Gage,* 31 N. Y. Supp. 903; *Carr* v. *Carr,* 52 N. Y. 251; *Whitaker* v. *Westberg,* 124 Misc. Rep. 556; *Waters* v. *Hall,* 218 App. Div. 149; *Weigert* v. *Schlesinger,* 150 App. Div. 765; 210 N. Y. 573; *Wood* v. *Rabe,* 96 N. Y. 414; *Graham* v. *Graham,* 134 App. Div. 777; *Gallagher* v. *Gallagher,* 135 App. Div. 457; 202 N. Y. 575; *Goldsmith* v. *Goldsmith,* 145 N. Y. 313.) An oral agreement between husband and wife whereby the husband purchases property in the name of the wife upon her agreement to hold the same in trust for him is enforceable. (*Tiedemann* v.

*Tiedemann*, 115 Misc. Rep. 782; 201 App. Div. 614; 236 N. Y. 534; *Edelman* v. *Edelman*, 232 N. Y. Supp. 288; *Gallagher* v. *Gallagher*, 135 App. Div. 457; 202 N. Y. 572; *Goldsmith* v. *Goldsmith*, 145 N. Y. 314.) The acts of part performance by the plaintiff in reliance upon the agreement are sufficient to take the case out of the operation of the Statute of Frauds. (*Burns* v. *McCormick*, 233 N. Y. 232; *Woolley* v. *Stewart*, 222 N. Y. 347; *Smith* v. *Smith*, 125 N. Y. 224; *Wheeler* v. *Reynolds*, 66 N. Y. 227; *Waters* v. *Hall*, 218 App. Div. 149.)

*Thomas F. Thornton* and *James J. Conroy* for respondent. The fact that there was no contradictory testimony did not compel the trial court to adopt the statements of the witnesses for the plaintiff. (*Lomer* v. *Mecker*, 25 N. Y. 361; *Tousey* v. *Hastings*, 194 N. Y. 79; *McKeon* v. *Van Slyck*, 223 N. Y. 392; *Ward* v. *N. Y. Life Ins. Co.*, 225 N. Y. 314; *Koehler* v. *Adler*, 78 N. Y. 287.) The defendant's title is not subject to any trust by virtue of the provisions of section 94 of the Real Property Law. (*Wiegert* v. *Schlesinger*, 150 App. Div. 765; 210 N. Y. 573; *McCartney* v. *Titsworth*, 119 App. Div. 547; *Wood* v. *Rabe*, 96 N. Y. 414; *Goldsmith* v. *Goldsmith*, 145 N. Y. 313; *Gage* v. *Gage*, 83 Hun, 362.) The alleged agreement, if any, not being in writing is void under section 242 of the Real Property Law. (*Burns* v. *McCormick*, 233 N. Y. 232; *Woolley* v. *Stewart*, 222 N. Y. 347.)

CARDOZO, Ch. J. A house and lot in the city of New York was conveyed to Edith Foreman in January, 1924. The purchase price, $25,500, was paid by her husband, the plaintiff. There is testimony that he asked her to take the contract and conveyance in her name because he wished to keep his real estate separate from the property that was used in his business. There is testimony that she promised to give him a deed upon demand and to dispose of the land or the proceeds in accordance with

his wishes. After the purchase had been made, he collected the rents and used them as his own. He paid the taxes, the insurance premiums, the interest on the mortgages, and the cost of improvements and repairs. The dominion that goes with ownership was continuously his.

The wife died intestate in 1925, leaving as her sole heir an infant son, the defendant, to whom the legal title has descended, subject to a life estate in the plaintiff as tenant by the curtesy. This action is brought to compel a conveyance to the plaintiff in fulfillment of the oral trust. Judgment has gone for the defendant on the ground that the trust is unenforcible under the Statute of Frauds (Real Prop. Law [Cons. Laws, ch. 50], § 242).

The rule is now settled by repeated judgments of this court that the statute does not obstruct the recognition of a constructive trust affecting an interest in land where a confidential relation would be abused if there were repudiation, without redress, of a trust orally declared (*Sinclair* v. *Purdy*, 235 N. Y. 245, 253; *Gallagher* v. *Gallagher*, 135 App. Div. 457; 202 N. Y. 572; *Leary* v. *Corvin*, 181 N. Y. 222, 229; *Goldsmith* v. *Goldsmith*, 145 N. Y. 313; *Wood* v. *Rabe*, 96 N. Y. 414; cf. Scott, Conveyance upon Trusts not Properly Declared, 37 Harv. L. Rev. 653, 661, 669; Scott, Resulting Trusts, 40 Harv. L. Rev. 669; Costigan, Constructive Trusts, 28 Harv. L. Rev. 237, 256, 266, 374; Ames, Lectures on Legal History, 425, 432). Criticism of the rule as involving a partial repeal of the prohibition of the statute is heard from time to time in commentary and treatise. Whatever force the criticism may have had while the rule was in the making, has vanished with the years. By long acquiescence, the exception, if such it be, has wrought itself by construction into the body of the statute as if written there from the beginning. " It is not the promise only, nor the breach only, but unjust enrichment under cover of the relation of confidence, which puts the court in motion " (*Sinclair* v. *Purdy*, *supra*).

The husband paid for the land and managed and improved it. The wife, far from attempting to rid herself of the trust because orally declared, submitted to it as completely as if seals and parchments had perfected the evidence of duty (cf. *Bork* v. *Martin*, 132 N. Y. 280). No objection was heard from her, or none that has been disclosed, when the husband gathered in the rents and used them for himself. In its origin the trust was dependent for proof of its existence on nothing better than word of mouth. In the end, at her death, what was oral in its beginnings, had been confirmed by part performance, with the result that conduct as well as words had become the signs of its creation (*Jeremiah* v. *Pitcher*, 26 App. Div. 402; affd., 163 N. Y. 574; *McKinley* v. *Hessen*, 202 N. Y. 24; *Burns* v. *McCormick*, 233 N. Y. 230). The wife would have been guilty of an abuse of confidence by disclaimer during life. Her heir will not be suffered to nullify her submission to the call of equity and honor by disclaimer after death.

Nothing in the statute as to the implication of resulting trusts is at war with this conclusion (Real Prop. Law, § 94). The statute has put an end to the rule at common law that where a grant is made to one for a consideration paid by another a trust results inevitably and always, by force merely of the payment, irrespective of intention (*Garfield* v. *Hatmaker*, 15 N. Y. 475, 477; Scott, Resulting Trusts in Purchase of Land, 40 Harv. L. Rev. 675). The conveyance is operative according to its terms if nothing else is proved. The statute has no effect, however, on trusts constructively imposed as a consequence not of payment alone, but of payment in combination with other or extrinsic equities. As to this the decisions are uniform and ample. " It is only the common-law trust for the benefit of an individual from whom the consideration for a grant issues, and resulting from the fact of payment of the consideration, and having no other foundation, that the

statute abolishes " (*Carr* v. *Carr*, 52 N. Y. 251, 260; *Gage* v. *Gage*, 83 Hun, 362; *Jeremiah* v. *Pitcher*, *supra*; *Leary* v. *Corvin*, *supra*; *Wood* v. *Rabe*, *supra*; Scott, Conveyances upon Trusts not Properly Declared, 37 Harv. L. Rev. 653, 661, 669; Costigan, The Classification of Trusts, 27 Harv. L. Rev. 437; cf. as to resulting trusts, Perry on Trusts, § 124, and as to constructive trusts, the same author, § 166).

Enough and ample there is here to put the case for the plaintiff in the field uncovered by the statute. His equity does not grow out of payment and nothing more. It is reinforced· by words of promise, by the relation of man and wife, and by unequivocal acts of confirmation and performance. In such circumstances, the plastic remedies of the chancery are moulded to the needs of justice. Where, as in *Leary* v. *Corvin* (*supra*), the one whose confidence has been abused, has paid part of the consideration, and part only, a lien proportioned to the value thus contributed will be charged upon the land. Where, as in the case at hand, the full price has been paid by the victim of the wrong, unjust enrichment will ensue if the holder of the legal title retains for his own use any portion of the purchase, and the trust will reach the whole (Scott, 40 Harv. L. Rev. 673).

What has been written assumes that the testimony of the plaintiff's witnesses is truthful and accurate. As to this there is a question of credibility which the trier of the facts, and not this court, must resolve. True, the testimony is uncontradicted, and to some extent, besides, has corroboration in the circumstances, yet in view of the death of the wife, with direct contradiction difficult, if not impossible, a question of fact remains (*Tousey* v. *Hastings*, 194 N. Y. 79; *McKeon* v. *Van Slyck*, 223 N. Y. 392, 398). The trial judge did .not decide it either one way or the other (*Galle* v. *Tode*, 148 N. Y. 270, 277; *Morehouse* v. *B. H. R. Co.*, 185 N. Y. 520, 527, 528; *Alcock* v. *Davitt*, 179 N. Y. 9). He placed his ruling on the ground that

the trust, if declared, was void under the statute. There is need of a new trial.

The judgment of the Appellate Division and that of the Special Term should be reversed and a new trial granted, with costs to abide the event.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.