CHARLES H. JONES, as Trustee under a Trust Agreement, on Behalf of Himself· and All Other Holders of Common Stock of Adams Express Company, Similarly Situated, Appellant, and FREDERICK E. HAAGE et al., Copartners Doing Business as HAAGE & COMPANY, Interveners, Appellants, v. GEORGE P. HEALY, as Treasurer of Adams Express Company, a Joint-Stock Association, et al., Respondents. WILLIAM L. DEMUTH et al., on Behalf of Themselves and All Other Stockholders of Adams Express Company, Similarly Situated, Plaintiffs, v. GEORGE M. GILLIES, JR., as President of Adams Express Company, et al., Defendants. WILLIAM G. RABE et al., Plaintiffs, v. GEORGE P. HEALY, as Treasurer of Adams Express Company, a Joint-Stock Association, Defendant. C. SEDGWICK LEVY et al., Plaintiffs, v. GEORGE M. GILLIES, JR., as President of Adams Express Company, a Domestic Joint-Stock Association, Defendant.— Judgment unanimously affirmed, with costs. No opinion. Present — Martin, P. J., Townley, Glennon, Dore and Callahan, JJ. [184 Misc. 923.] [See *post*, p. 998.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEE R. TOLBERT, Appellant.— Judgment unanimously affirmed. No opinion. Present — Martin, P. J., Townley, Glennon, Callahan and Peck, JJ.

MARIE-ANTOINETTE BEHRENDT, Appellant, v. WILLIAM T. DAUS et al., Respondents, et al., Defendants.— Order, so far as appealed from, unanimously reversed, with $20 costs and disbursements to the appellant, and the motion in all respects granted. No opinion. Present — Martin, P. J., Townley, Glennon, Callahan and Peck, JJ.

## SECOND DEPARTMENT, APRIL, 1946.
## (April 1, 1946.)

HAROLD M. CHAPMAN, SR., Respondent, v. CASSANDRA L. CHAPMAN, Appellant.— Action to impress a constructive trust upon three parcels of real property in Queens County, title to which is in the name of the defendant, and to enforce an oral agreement requiring the conveyance of these parcels to the plaintiff. Judgment for the plaintiff unanimously affirmed, without costs. (*Tiedemann* v. *Tiedemann*, 201 App. Div. 614, 617, affd. 236 N. Y. 534; *Isquith* v. *Isquith*, 229 App. Div. 555, 562, and cases cited therein; *Foreman* v. *Foreman*, 251 N. Y. 237.) Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

MARIE T. CLARK, Respondent, v. IDA MARTH, Appellant.— In an action to recover damages for personal injuries alleged to have been caused by the negligence of the appellant in failing to light the hallway of a multiple dwelling, judgment in favor of plaintiff reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event. The repeated introduction of improper evidence as to plaintiff's loss of her employment and subsequent loss of income, and the reference thereto by plaintiff's attorney during his summation, were erroneous and prejudicial. In view of the sharp issue of fact, we are unable to say that the substantial rights of the appellant were not affected. Lewis, P. J., Johnston, Adel, Aldrich and Nolan, JJ., concur.

COUNTY OF NASSAU, Respondent, v. ADAM GABRIEL et al., Defendants, and WILLIAM E. CANNING, Appellant.— In an action to establish the validity of a tax title, pursuant to article 7-B of the Tax Law, defendant William E. Canning appeals from an order of the County Court of Nassau County, striking out said defendant's answer and granting judgment to the plaintiff. Order