Appeal from a judgment of the Supreme Court, entered August 14, 1946, in Mew York County, upon a decision of the court at a Trial Term, without a jury, declaring defendant Alice L. Anderson to he the owner of a certain certificate of stock of plaintiff corporation and that a trust agreement affecting said stock certificate was void because of duress.

Per Curiam.

The subsequent conduct of defendant-respondent Alice Lloyd
Anderson reveals an understanding upon her part that the stock transaction was for the benefit of her husband, defendant-appellant Robert C. Anderson, Jr., and corroborates his contention that the transfer of his stock rights to her was in trust for himself. Transactions of this character arising out of a confidential relationship between husband and wife are upheld under Foreman v. Foreman (251 N. Y. 237). The evidence of the typewriting expert likewise strongly supports Mr. Anderson’s position. Mrs. Anderson neither said nor did anything indicating that she considered herself to have been subjected to coercion or duress until her amended answer which was verified more than two years after the transaction in question. The provision in the writing evidencing this trust agreement regarding termination at the instance of either party signifies that the shares are to be restored to defendant-appellant’s name whenever either party so elects. The determinations of fact embraced in the decision of the court below, that defendant-respondent Alice Lloyd Anderson is the owner of the five shares of class A common stock of Walker Associates, Incorporated, referred to in the pleadings herein, and that the trust agreement referred to in defendant-respondent’s amended answer is void, are reversed and set aside as contrary to the evidence and it is found as a fact that the formal assignment of said shares by defendant-appellant to defendant-respondent was pursuant to an understanding between them arising out of a confidential relationship as husband and wife that the assignment was for convenience only and that defendant-appellant should at all times remain the beneficial owner of said shares, and it is found that defendant-appellant Robert C. Anderson, Jr., is the absolute owner of said shares and plaintiff-respondent should be directed to issue to him a certificate therefor in his name and the defendant-respondent Alice Lloyd Anderson should be directed to surrender for cancellation the written assignment purporting to transfer said shares to her.
The judgment appealed from should be reversed, with costs to the appellant against the defendant-respondent, and judgment entered in favor of the defendant-appellant, with costs.
Martin, P. J., Dore, Cohn and Van Voorhis, JJ., concur; Glennon, J., dissents and votes to affirm.
Judgment reversed, with costs to the appellant against the defendant-respondent, and judgment directed to be entered in favor of the defendant-appellant, with costs. Settle order on notice.