The complaint does not allege that there was any written agreement between plaintiff and her husband. On its face the complaint does not show that plaintiff relies on an express trust. (Real Property Law, § 96.) She pleads facts which may move equity to declare that her’ husband holds the premises as trustee for her. (Foreman v. Foreman, 251 N. Y. 237.) Respondents can claim the benefit of section 104 of the Real Property Law only in the event that plaintiff relies upon an express trust, the provisions of which have not been carried into a conveyance. The Pennsylvania statute involved in Rochester Trust Co. v. White (243 Pa. 469), cited by Special Term, specifically grants judgment creditors rights when a trustee holds property under a resulting trust. Section 95 of the Real Property Law protects only bona fide purchasers. The complaint alleges no fact which shows that respondents, through their judgment, have an equal or superior right in equity to the plaintiff. It does not appear that any reliance on the fact that title was in the name of the husband gave riáe to any claim resulting in the judgment. Prom the face of the complaint their rights are measured by whatever interest the husband had in the property. (Siemon v. Schurck, 29 N. Y. 598; White v. Carpenter, 2 Paige Ch. 217; Matter of Howe, 1 Paige Ch. 125.) Johnston, Acting P. J., Adel, Sneed, Wenzel and MaeCrate, JJ., concur. [See post, p. 846.]