In an action to impress a trust upon certain real property located in Carden City, N. Y., and to direct a conveyance of an undivided one-half interest in the fee thereof *885 to the plaintiff, judgment in favor of the plaintiff unanimously affirmed, with costs. While we are of opinion that a joint venture in which all assets, earnings and accumulations of the parties were to he pooled was not established, we are of the further opinion that an oral agreement was reached, pursuant to which the property in question was bought for the common ownership of the parties and that the plaintiff made cash contributions towards the purchase price of the property and for the maintenance of the property after the purchase. The evidence is sufficient to support a finding that the agreement was expressed, but even if it were not, it was at least implicit. These parties lived as man and wife from 1925 up to the time of the purchase of the subject property and the making of the agreement in question in 1945, and thereafter until shortly before the commencement of this action in 1947, except for a relatively short period of time, albeit in adultery. Although the relationship is not to be condoned, it may not be said that a confidence between the parties does not spring therefrom such as contemplated by the cases (Sinclair v. Purdy, 235 N. Y. 245, 253; Foreman v. Foreman, 251 N. Y. 237, and Fraw Realty Co. V. Natanson, 261 N. Y. 396), in the light of which agreements with respect to real property will be enforced, despite the lack of a writing, in order to prevent unjust enrichment. Moreover, the undisputed evidence was that the plaintiff not only contributed cash for the purchase and the subsequent maintenance of the property but also made improvements thereto, in connection with which he contributed his own labor and other cash expenditures. In our view, this constituted part performance which was “ unequivocally referable ” to the agreement. (Burns V. McCormick, 233 N. Y. 230.) Present — Johnston, Acting P. J., Adel, Sneed, Wenzel and MaeCrate, JJ. [See post, p. 951.]