Scileppi, J.
This is an action to impress a trust on real property known as 159-32 Normal Road, Jamaica, Queens County, New York. These premises were purchased in September, 1941, and title was taken in the name of plaintiff’s wife, Bertha Goodman. On January 10, 1944, said Bertha Goodman was committed to Brooklyn State Hospital and was discharged on November 10,1945. She was readmitted on January 20,1949, since which date she has continuously been confined at such hospital. Thereafter and in 1953 the marriage between the plaintiff and his wife was annulled on the ground that she was suffering from incurable insanity. Since then the plaintiff has continued to pay to the Brooklyn State Hospital the sum of $60 per month toward the support, care and maintenance of his wife.
The contract of purchase of the property in question was executed by the plaintiff alone. The deposit upon the execution of said contract and the balance of the purchase price at the time of closing title were paid by the plaintiff with his own money. Bertha Goodman, his wife, was not present at the time the contract was entered into nor at the time of the delivery of the deed.
At the time of closing, the seller’s attorney delivered to the plaintiff a letter addressed to the tenants occupying the premises, introducing the plaintiff as the new owner of the premises *72 and directing the tenants to pay all rents to him or his representative on and after November 1, 1941.
Since the property was purchased, all taxes, interest and amortization on the mortgage covering the property, insurance premiums, fuel and repair bills, and other carrying charges, have been paid by the plaintiff who has also collected the rents and managed the property.
Paul Goodman, son of Hyman and Bertha Goodman, and their only heir-at-law, testified as a witness for the plaintiff that in 1941 before the property was purchased, his mother told him that his father bought the house in her name and that he, the father, was going to pay all bills, that the house was placed in her name only for business reasons and that his father could sell it ‘ ‘ like he bought it.’’ Paul also testified to a similar conversation which he had with his mother in September of 1941 after the property was purchased in which his mother repeated the above statements.
From all the evidence herein the court concludes that the plaintiff is entitled to the relief demanded in the complaint. The facts attendant on the purchase of the property, the payment of the carrying charges and the management thereof, together with the testimony of the son, Paul Goodman, established by a fair preponderance of the evidence that there was an agreement by Bertha Goodman to reconvey the premises and to abide by whatever decision would be made by her husband, Hyman Goodman, in the matter.
The court finds that this property in the name of Bertha Goodman is held by her as a trustee (Foreman v. Foreman, 251 N. Y. 237), and that the beneficial ownership therein is held by the plaintiff Hyman Goodman.
Submit findings and judgment on notice, including therein provision for the fee of the special guardian, which should be supported by an affidavit reciting the services performed.