Henry Epstein J.
This action seeks to impose a constructive trust upon the real property at 50-50% Barrow Street, New York City in plaintiff’s favor to the extent of a one-half interest therein and to enjoin its sale or other disposition by defendant and for an accounting of the income therefrom since its purchase by defendant. The parties are husband and wife, living separate and apart. This is but one of their marital difficulties. Since the commencement of this action the property has been sold with the consent of the parties and the proceeds are held in escrow subject to this disposition. Plaintiff and defendant were married in 1940. From 1943 to 1946 defendant served in the armed forces of the United States. On his return to this country the funds from their joint bank account were used to purchase a home at 1430 Jessup Avenue, Bronx County, New York City. This property was in their joint names, tenants by the entirety. There is dispute as to the extent to which the joint funds were derived from plaintiff’s or defendant’s earnings or both. This, however, is not essential to the proper determination of the issue herein presented by the evidence and testimony at the trial.
*750 After a few years plaintiff and defendant decided to sell the Jessup Avenue house and move to Manhattan, nearer plaintiff’s parents. The proceeds of the sale were deposited, with full knowledge of both parties, in defendant’s own account in the Bank of Commerce. These funds were used in a brokerage account of defendant, with full knowledge of both parties, so as not to be idle in the time when looking for another home. In 1953 plaintiff and defendant saw and approved the purchase of the Barrow Street property in the purchase of which the negotiations were conducted by defendant. In order to finance this purchase more money than defendant had available was needed. To help out the parties in their difficulty plaintiff’s mother loaned to defendant $7,000. This was a loan to defendant personally, for which he gave his personal obligation, on which he has paid interest and of which sum he has himself repaid to plaintiff’s mother some $5,000. Title to the Barrow Street property was taken in defendant’s name. Plaintiff was permitted to assist in managing the property and to receive from the agent the income therefrom. The proof falls far short of that necessary to establish a constructive trust. No agreement has been established to warrant the conclusion that title was to be in the joint names of the parties. The proof does not establish that the funds were those of plaintiff or for her sole benefit. Testimony of plaintiff’s mother does not warrant her action nor does it support her claim in respect of the Barrow Street property. We find here no mutual intention to take title to the Barrow Street property in both names. We find no breach of a promise to take title or to transfer the property to both names. Nor do we find that the relation of husband and wife is sufficient in itself to warrant a conclusion that plaintiff has the interest she seeks to impose. The facts herein do not come within the scope of the cases cited by plaintif: (Foreman v. Foreman, 251 N. Y. 237; Ten Eyck v. Whitbeck, 156 N. Y. 341). Nor do the facts herein warrant the conclusion that it merits the citation from Scott on Trusts (Vol. 1, pp. 253-255).
■ However unfortunate may be the marital situation of the parties, however much the plaintiff may win the sympathy of the court in her troubles, these are not enough to cast aside the basic requirements of the law for the judgment asked by plaintiff. These requirements are not present. Findings and conclusions having been waived, the above shall constitute the decision of this court.
Judgment shall be entered dismissing the complaint on the merits, but without costs.