Charles A. Loreto, J.
The parties to this action, mature persons, met some 14 years ago and became close friends. They were frequent visitors at the homes of each other and there developed a friendly relationship between their families. He often took her out and drove her about. She, for a time, worked without compensation in his store. And in 1957, following a number of misfortunes, deaths of members of both families, with mutual commiseration, he testified that he entrusted her with some of his money and personal belongings to hold for him, as he had in the past. These funds and items, *374 he testified, she refused to return when he requested their return after his marriage in January, 1958. She was a widow and until that time he was a bachelor.
Although neither party testified to any courtship, she testified that he often proposed marriage to her and that she declined stating that it was silly since she was much older. Then there came a time when this close, harmonious and trusting relationship came to an abrupt ending. It was when she learned that he had just married another lady and this without any prior intelligence or intimation to her. Her feelings were deeply hurt; her status with him, whatever it was, disrupted. Failing to respond to his request for a return of these sums of money and property, he has instituted this suit to impress a trust.
The defendant has denied that any money or property was given to her for safekeeping and opposes the declaration of a trust.
‘ ‘ A constructive trust is the formula through which the conscience of equity finds expression” (Beatty v. Guggenheim Exploration Co., 225 N. Y. 380, 386 [Cardozo, J.]). “ Ordinarily men do not trust their property to strangers without at least requiring some evidence that the stranger is holding for them. Where there is blind trust there is usually a prior existing relationship which explains the confidence; but wherever under cover of a relationship of confidence, however created, there has been enrichment of one party, a court of equity should interpose its powers to remedy the wrong. Myriad are the circumstances which may give rise to such relationship. The parties may be united by blood, family affection, close friendship or business relations. * * * However the relationship may have arisen, where a party accepts property knowing that it is intrusted to him because of the confidence which another places in him, there is a relationship of confidence, abuse of which should not be tolerated by a court of equity ”. (Fraw Realty Co. v. Natanson, 261 N. Y. 396, 412 ; see, also, Sinclair v. Purdy, 235 N. Y. 245, 253 ; Foreman v. Foreman, 251 N. Y. 237, 240 ; Frier v. J. W. Sales Corp., 261 App. Div. 388.)
Here the court finds abundant proof of trust, confidence, mutual and reciprocal assistance between the parties sufficiently establishing a confidential relationship.
The evidence establishes that plaintiff received various sums of money, coming into his hands after his mother’s death, particularly the proceeds of a Totten trust bank account established by his mother for his benefit and death benefits on several insurance policies on her life payable to him as beneficiary. On May 7, 1957, the day following his mother’s death, he with *375 drew the sum of $4,846.46 ($3,000 by check and $1,846.46 in cash) out of the Totten trust account. It is these funds, plaintiff claims, he first turned over to the defendant. Thereafter he received the death benefits on the several insurance policies, among which was a check in the sum of $2,000. The latter check he turned over to a funeral home to satisfy funeral charges in the sum of $1,533.27 and received as change for the difference a check in the sum of $466.73, which he testified that he also turned over to the defendant. In addition, he claims he turned over other sums received as death benefits from other insurance policies.
There is no writing which evidences an agreement, and reliance must be made upon other evidence to decide whether a trust by implication has been proven. The confidential relationship of the parties having been shown, the plaintiff’s equitable rights can only arise if he establishes by clear and convincing proof the transfer of the money and property. This he has shown only with respect to the sum of $3,466.73, as represented by the check of $3,000, which came from the Totten trust account in his favor as trust beneficiary and passed into the defendant’s bank account and also the exchange check for $466.67 which came to him from the .funeral home and likewise passed into defendant’s bank account.
The court holds that the funds representing those deposits in defendant’s bank account totalling $3,466.73 with interest thereon from March 30,1958 should be impressed with an equitable lien in favor of plaintiff. During the trial defendant indicated that she would return the ring and watch to the plaintiff. Should defendant fail to return these articles on demand, plaintiff may have appropriate relief in the judgment to be settled herein.
Findings of fact and conclusions of law having been waived, this opinion constitutes the decision of the court and judgment may be entered accordingly.