Anthony M. Livoti, J.
Motion by defendants for an order dismissing the amended complaint for insufficiency on its face (Bules Civ. Prae., rule 106) or as unenforcible under the Statute of Frauds (rule 107). Defendants have made the motion in the alternative to avoid any procedural question but concededly are relying on the Statute of Frauds as a bar to this action.
In his amended complaint, plaintiff alleges that he is a lawyer; that his son is in the real estate business; that they both had their offices in the same building; that the defendant Seymour Badener (hereinafter called the defendant) had been employed by plaintiff’s son for some time; that over the years there grew up between plaintiff and defendant a friendship and community of interest; that plaintiff, his son and the defendant engaged in real estate ventures jointly; that as a result of these dealings, plaintiff and defendant grew to trust each other and had confidence in each other’s friendship.
Prior to January 25, 1959, plaintiff was the legal owner of certain real property at Jamaica, New York, which he had purchased on January 6, 1955, in the name of one Arthur Mestel; that plaintiff had paid the consideration for said property and had collected the rents and paid the expenses; that after several mesne conveyances the property was put in plaintiff’s name on May 17, 1956; that thereafter plaintiff obtained an increase in the first mortgage and that all these facts were known to the defendant.
Thereafter, plaintiff requested defendant to hold title in his name as plaintiff’s nominee because “ plaintiff desired to keep the fact of his ownership of the said described property away from public scrutiny and from the knowledge of his wife.” *414 Defendant agreed to hold the property for the plaintiff for a consideration and plaintiff agreed to pay defendant $100 for such services as soon as the property was sold.
On January 26, 1959, plaintiff executed and delivered a deed to the defendant upon his agreement to reconvey the property to the plaintiff or to his nominee upon demand. After said conveyance, plaintiff, in accordance with his agreement with the defendant, continued to collect the rents, made leases in the name of the defendant, paid the monthly installments on the first mortgage and on a home improvement loan made by the defendant as nominal owner, paid the taxes and expenses of heating and repairs, and defendant raised no objection thereto.
In January, 1961, plaintiff called upon defendant to convey the property to his nominee, a corporation newly organized by the plaintiff. Defendant refused to execute such conveyance. Thereafter, plaintiff continued to collect the rents and to make the monthly payments. In July, 1961, plaintiff received a copy of a notice sent by defendant’s attorney to each of the tenants, directing them to pay future rents to defendant’s wife, the codefendant herein. The records filed in the Register’s office of Queens County show that in March, 1961, defendant conveyed the property to his wife.
It is not disputed that defendant’s agreement to hold the property for the plaintiff and to reconvey it on demand was oral.
Defendant contends that the agreement is unenforcible for two reasons. The first ground is that plaintiff does not come into equity with clean hands in that his purpose for placing the record title in defendant’s name was to defraud his wife or other creditors. No evidence in support of this contention is offered in the moving affidavit, so it must be assumed that defendant is relying on the allegation of the complaint wherein plaintiff alleged that he asked defendant to hold title to the property in order “to keep the fact of his ownership of the said described property away from public scrutiny and from the knowledge of his wife.”
The quoted language does not require a holding as a matter of law that plaintiff sought to defraud anybody. It is not uncommon for a real estate operator to keep his ownership of property secret. This is especially true where an operator is trying to assemble a large plot and fears that adjoining owners would raise their price if they knew who sought to buy their parcel. While there is nothing in this complaint to indicate that plaintiff was trying to assemble a large plot, neither is there anything to negate that concept.
*415 Nor is there any indication here that plaintiff was trying to defraud his wife. There is no allegation that he was indebted to her or that litigation, matrimonial or otherwise, was pending between them. Under these circumstances, it cannot be said that plaintiff’s motive was to defraud creditors and defendant’s first point is without merit.
Defendant’s second argument is that the complaint fails to set forth a confidential relationship between the plaintiff and the defendant.
Obviously, plaintiff can recover here only on the theory of a constructive trust since there can be no express trust (Real Property Law, § 242) or resulting trust (Real Property Law, §94). A constructive trust will be recognized “ where a confidential relation would be abused if there were repudiation, without redress, of a trust orally declared”. (Foreman v. Foreman, 251 N. Y. 237, 240.)
The question presented here is what constitutes a confidential relation. In Fraw Realty Co. v. Natanson (261 N. Y. 396, 401-402), the Court of Appeals said: “ The confidential relation, referred to in Foreman v. Foreman [supra] and Sinclair v. Purdy [235 N. Y. 245], self-evidently is not the relationship which is newly created by the transaction involving the conveyance and the promise, for so to hold would mean that in every case a trust may be created by an oral declaration. Clearly the references are to a preexisting relationship of confidence such as that obtaining between husband and wife, father and son, brother and sister, or otherwise.”
While this court has found no case involving a confidence springing out of prior business dealings, it cannot be said as a matter of law that such a relationship may not be encompassed within the scope of the word “ otherwise ” in the above quotation. Doubtless it would depend to some extent on the prior dealings and confidences between the parties. The development of that proof must await the trial.
Under the circumstances, the motion to dismiss the complaint for insufficiency under rule 106 is denied. The motion to dismiss the complaint as barred by the Statute of Frauds under rule 107 is denied with leave to defendants to plead the Statute of Frauds as a defense in their answer (Rules Civ. Prac., rule 108).