■ DANIEL MURDOCK, Respondent, v. GERTRUDE SMITH, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, dated February 16, 1970 and made after a nonjury trial, which adjudged the parties to be owners as tenants in common of certain real property in Kings County and directed defendant to account to plaintiff. Judgment affirmed, with costs. No opinion. Rabin, P. J., Hopkins, Latham and Shapiro, JJ., concur; Munder, J., dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum: I find no basis for holding, as Special Term did, that the parties here are tenants in common of the premises involved in this litigation and that plaintiff is entitled to an accounting of all the moneys, rents and income received by defendant from the property since January 1, 1965. The premises in question were purchased in 1955 with moneys which Special Term found were supplied by plaintiff. Title was taken in defendant's name only. At the time, the parties had been living together — although not as man and wife (defendant's spouse was living elsewhere) — on and off for about five years. The testimony of the parties as to the circumstances surrounding the purchase was conflicting, but under no circumstances could it establish a constructive trust. In the landmark case of *Foreman* v. *Foreman* (251 N. Y. 237), the Court of Appeals set out four requirements for a constructive trust, viz., confidential relationship, payment words of promise, and unequivocal acts of confirmation and performance. Only the second requirement, payment, was established here. The meretricious and oft-interrupted relationship of the parties at bar can hardly be called confidential. Further, there was no proof of promise by defendant to hold the property for plaintiff and no proof of unequivocal acts of confirmation and performance. Whereas in *Foreman* the one alleging the trust collected and used the rent from the property as his own, and paid taxes and generally

exercised dominion over the property, here all these acts were performed by defendant. In addition, it is my view that plaintiff's cause of action, if any, accrued in 1955 at the time of the purchase and thus is barred by the Statute of Limitations (CPLR 213, subd. 1; see *Scheuer* v. *Scheuer,* 308 N. Y. 447).