■ JANE W. FISCHER, Appellant, v. EDWARD WIRTH, Respondent.— Appeal from an order of Supreme Court at Special Term, entered in Broome County, which granted defendant's motion to dismiss the complaint, and from the judgment entered thereon. In 1970 the appellant obtained a foreign divorce. Thereafter, the parties stipulated that her pending New York divorce action would abate insofar as the divorce was concerned but continue with respect to the property claims. This appeal results from the trial court's decision on the property claims. In her complaint, appellant seeks judgment declaring that she is half owner of real and personal property held by her former husband in his own name and purchased with his own earnings. She claims that he was able to acquire these assets because his legal obligation to support her and their two children was fulfilled out of her earnings, not his. Appellant's theory is constructive trust. A constructive trust may be found by a court when a party, because of a confidential relationship, relies upon a promise of another which is later breached resulting in unjust enrichment to the other. (*Sinclair* v. *Purdy*, 235 N. Y. 245; *Frick* v. *Cone*, 160 Misc. 450, affd. 251 App. Div. 781.) The essential ingredients to support the action are that the person damaged must be induced to act to his detriment and the other's unjust

benefit because of an abuse of the relationship of trust existing between the two. The language customarily used is that there is "actual or constructive fraud" in the transaction. (*Ahrens* v. *Jones,* 169 N. Y. 555; *Towner* v. *Berg,* 5 A D 2d 481.) For 22 years of marriage, the respondent delivered all his earnings to appellant, who handled the finances, to be pooled with her earnings to support the family. She paid the bills and made the investments. In 1956 he started a "crash" savings program telling appellant it was "for our latter days". She says he told her it was "for the two of us". From then on, appellant's earnings, supplemented by rental from an upstairs apartment and part of respondent's income, were used for family expenses and respondent's remaining salary was invested. This invested money has always been respondent's. It is not property appellant transferred to him. His enrichment, it is claimed, arose because she spent her salary to meet the costs of maintaining the family, while the respondent accumulated his earnings in his own name. Appellant's argument is that she parted with her property just as surely as if she deliverd her check to her husband because her earnings fulfilled his support obligations. A legal cause of action cannot be spelled out of her assumption of the family expenses after 1956. There is no doubt that a husband has the duty to support his wife and children within the limit of his means and that if he fails to do so, the wife may recover money she has expended for necessities. (*De Brauwere* v. *De Brauwere,* 203 N. Y. 460.) But a wife who uses her own money to pay household expenses may obtain reimbursement from her husband only when her husband either impliedly or expressly has promised he would repay her. (*Manufacturers Trust Co.* v. *Gray,* 278 N. Y. 380; *Nostrand* v. *Ditmis,* 127 N. Y. 355, 360.) That promise does not appear in the evidence. What appellant really seeks is a community property division under the guise of equitable relief. She premises her claimed right to equitable relief on the brief discussions between the parties in 1956 when respondent said he intended to save money for "the two of them". There was no promise or "arrangement" born either from that incident or the parties' course of conduct thereafter. Respondent did not agree that the property would be held in joint names. (See *Hammer* v. *Hammer,* 16 Misc 2d 749, affd. 10 A D 2d 557; *Craft* v. *Sanford,* 286 App. Div. 916.) The elements of concealment or misrepresentation usually found in fraudulent transactions are missing. The facts are that appellant acquiesced in the original suggestion and she has known for many years that the property was in her husband's name alone. Respondent's statement that he intended to save for later years may well have expressed an intent that there be a joint future benefit, but it did not give appellant a vested interest in any specific portion of his assets, come what might. Indeed, although appellant complained of lack of funds from time to time, she apparently evidenced no interest in the title to the investments or savings funds until 1967. With respect to their home, the title to it was acquired in respondent's name alone in 1949 with the down payment of $6,500 being supplied by his mother. It clearly was not subject to any supposed agreement or "arrangement". Similarly, his life insurance and retirement antedated the discussions in 1956 and the only arguable issue concerns the investments and savings. A constructive trust is a vehicle for "fraud rectifying". (*Matter of Wells,* 36 A D 2d 471, 474; *Saulia* v. *Saulia,* 31 A D 2d 640, mod. on other grounds 25 N Y 2d 80.) There may be a moral judgment that can be made on the basis of respondent's conduct and the imperfectly expressed intention of some possible future benefit to appellant, but that is not enough to set the court in motion. (*Matter of Wells,*

*supra.*) Order and judgment affirmed, without costs. Reynolds, J. P., Aulisi, Staley, Jr., Sweeney and Simons, JJ., concur.