■ ANN J. VASSEL, Respondent, v. RAYMOND VASSEL, SR., Appellant.— In this action to impress a trust upon two parcels of real property situated respectively in the counties of Queens and Nassau, defendant (plaintiff's husband) appeals from an order of the Supreme Court, Queens County, dated April 6, 1972, which denied his motion to dismiss the complaint for failure to state a cause of action. Order reversed, on the law, with $10 costs and disbursements, and motion granted. The rule has long been settled that to establish a constructive trust there must be a confidential relationship wherein one party relies, to his detriment, upon a promise of another, which promise is subsequently breached, resulting in unjust enrichment to the latter (*Foreman* v. *Foreman*, 251 N. Y. 237; *Sinclair* v. *Purdy*, 235 N. Y. 245; *Fischer* v. *Wirth*, 38 A D 2d 611; *Ehalt* v. *Ehalt*, 38 A D 2d 839). The complaint under attack merely alleges reliance upon certain representations made by defendant to plaintiff that the subject properties belonged to both of them, when in reality

they were owned by defendant alone. It appears that Special Term, in denying the motion, considered the affidavits submitted on the motion and treated the motion as one for summary judgment (CPLR 3211, subd. [c]). From all of the papers submitted on the motion, we find no evidence of either breach of a promise or unjust enrichment. Even according a reasonable degree of liberality and intendment to the complaint, considered as a whole (*Foley* v. *D'Agostino,* 21 A D 2d 60; *Manno* v. *Mutual Benefit Health & Acc. Assn.,* 18 Misc 2d 80), still we find that it fails to allege any facts constituting a wrong, but only general conclusions, which are insufficient to state a cause of action, thus rendering the complaint subject to dismissal (*Kalmanash* v. *Smith,* 291 N. Y. 142; *Loudin* v. *Mohawk Airlines,* 24 A D 2d 447). Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Brennan, JJ., concur.