■ MILTON MACHT, Respondent, v MARGARET H. MACHT, Appellant.—Judgment unanimously affirmed, without costs. Memorandum: Defendant wife appeals from the judgment of Supreme Court, Onondaga County, which granted her a divorce on the ground of plaintiff's cruel and inhuman treatment of her. Although plaintiff initiated the action for divorce, he withdrew his complaint and did not defend defendant's counterclaim therefor. The only contested issues were the matter of alimony and the division of the proceeds of the sale of the marital home. The Trial Justice made a written decision awarding to defendant (1) alimony in the sum of $125 per week, (2) reimbursement from the proceeds of the marital home of $25,875.12, which she had invested therein on its purchase, and an $8,500 interest in the $18,000 second mortgage given back as part of the purchase price and (3) $3,500 plus disbursements for attorneys' fees. Upon receipt of the decision and before entry of judgment thereon plaintiff moved the court to modify it, pointing out alleged misconceptions of the evidence. Defendant

opposed the motion and sought an increase of alimony and counsel fee award. The court modified its decision (1) by reducing the alimony to $50 per week and (2) by dividing the proceeds of the sale of the marital home equally between the parties, without reimbursing defendant for her original investment therein. Judgment was entered on the original decision as so modified. Defendant contends that (1) instead of reducing the alimony to $50 per week the court should have increased it to $250 per week; (2) plaintiff, an attorney, took advantage of his fiduciary relationship with her in the purchase of the marital home, in placing it in their names as tenants by the entirety instead of in her name alone as he had agreed, and that the court should impress a constructive trust on the proceeds of the sale of the property or reimburse her completely for her investment therein and also award her one half of the remaining proceeds of the sale; (3) the court erred as a matter of law in modifying its original decision and (4) the parties had stipulated that defendant's attorneys would be paid $5,000, and the court erred in awarding less. The record shows that the parties were married on July 1, 1972. Plaintiff was then 65 years old and it was his third marriage. Defendant was 50 years old and it was her fourth marriage. Each of the parties has capital assets considerably in excess of $100,000. Plaintiff is a successful lawyer, with annual income in recent years averaging about $50,000. Although defendant has not worked for several years, she is experienced in secretarial work; and she had recently stated that she had no physical impairment or ailment, and she plays tennis and golf regularly, even pulling her own golf cart. In 1972 her interest and dividend income on her investments amounted to $9,394.49; and in 1973 she received the income on two $35,000 trust funds for her use for the benefit of her two children by a prior marriage in the sum of $3,329, and one of said children was in the Navy at Annapolis and was supported by the government. When the children respectively attain majority, in 1976 and 1978, each will be entitled to the corpus of his trust and defendant's income therefrom will cease. She receives social security benefits in the sum of $1,429 or more per year while her daughter is in college. In view of the short term of the marriage and the respective financial conditions of the parties, we do not find that the trial court abused its discretion in the award of alimony (*Hessen v Hessen,* 33 NY2d 406, 411; *Kover v Kover,* 29 NY2d 408, 418; *Doyle v Doyle* 5 Misc 2d 4, 7; and Domestic Relations Law, § 236). The record shows that the marital home was purchased about three weeks after the marriage. Although plaintiff had told defendant that title would be taken in her name, he appeared alone at the closing and took title in their names as tenants by the entirety. It was taken subject to a mortgage which they assumed by signing the deed. At that time plaintiff told defendant that because she declined to sign a nuptial property agreement, he was putting the title in their names as tenants by the entirety, and she signed the deed with that knowledge. Plaintiff advanced $31,306.90 of his funds to close the purchase. Thirteen days later defendant sold her former home and from the proceeds thereof paid $25,875.12 to plaintiff. Plaintiff paid to himself therefrom the sum of $5,431.78, reducing his contribution to the marital home to the sum of $25,875.12, the same as defendant's, and he deposited the balance of $20,443.34 in a savings account in their joint names, and the entire amount thereof was used to refurnish and redecorate the home and for household expenses. In addition, plaintiff paid all mortgage payments on the property, all real estate taxes and all improvements thereon, including one item in excess of $3,000 for porch repair. The record does not show that plaintiff was in any way unjustly enriched in this transaction or that defendant

relied on any misrepresentation (see *Foreman v Foreman,* 251 NY 237; *Vassel v Vassel,* 40 AD2d 713, affd 33 NY2d 533; *Fischer v Wirth,* 38 AD2d 611). We find no basis for disturbing the determination of the Trial Justice that an equal division should be made of the proceeds of the sale of the marital home. The trial court was empowered to reconsider its decision prior to entry of the judgment and to make such corrections as it deemed proper *(Dobert Constr. Corp. v Holser Excavating,* 36 AD2d 1002; *Oppenheim v Melnick,* 34 AD2d 784; 4 Weinstein-Korn-Miller, NY Civ Prac, pars 4404.36–4404.37). With respect to the stipulation that defendant's counsel would be paid the sum of $5,000, it was not specified by whom it would be paid, and it was stated that such figure was only an element to be considered by the court. Defendant had already paid her attorney $1,000. The attorneys' disbursements amounted to $769.75 and the court directed plaintiff to pay such disbursements plus the sum of $3,500. We find no error in the award. (Appeal from judgment of Supreme Court, Onondaga County, in divorce action.) Present—Marsh, P. J., Moule, Cardamone, Del Vecchio and Witmer, JJ.