■ DOREEN McGRATH, Respondent, v ROY F. HILDING, Appellant.—In an action *inter alia* to impress a constructive trust upon certain property and to recover damages, upon a theory of unjust enrichment, defendant (plaintiff's former husband) appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County, entered August 21, 1975, as, after a nonjury trial, (1) awarded plaintiff $3,950, representing moneys advanced by her towards the expense of expanding defendant's home, and (2) dismissed his affirmative defenses. Judgment affirmed insofar as appealed from, with costs. Under the circumstances outlined at the trial, including the existence and abuse of a confidential relationship, and a mutual understanding between the parties, a clear case of unjust enrichment has been spelled out by reason of the breach of that understanding, which the Statute

of Frauds may not serve to vitiate. Since the subject property was subsequently sold, plaintiff was entitled to the return of the sum she expended in reliance upon defendant's promise, which was made before the parties' marriage, that he would convey a joint interest in his home to plaintiff. Hopkins, Acting P. J., Martuscello, Latham and Hawkins, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment insofar as it is appealed from, and to dismiss the complaint, with the following memorandum: The plaintiff and defendant were married on November 27, 1971. At that time the plaintiff, a mother of three children, was a divorcee of two months. She had first met the defendant, a widower with four children, in February, 1971. Just prior to their marriage, the parties agreed to live in the defendant's house and to build an extension thereto to accommodate certain of plaintiff's children. Each party contributed $3,950, representing one half of the cost of construction, and the extension was completed on the day that the parties were married. Upon returning from a one-week honeymoon, the parties lived in the defendant's home until January 8, 1972, when, after an argument with the defendant, the plaintiff temporarily left the house, with her children, and joined her former husband at his apartment. She permanently left the defendant's home on February 6, 1972. On February 3, 1972, prior to her divorce from the defendant, the plaintiff and her former husband entered into a contract to purchase a home in Northport, Long Island, for $38,500. In the contract they denominated themselves as husband and wife. A deed to the premises, dated February 14, 1972, also designated them as husband and wife. By this action the plaintiff now seeks to recover $3,950, the amount of her contribution toward the expense of an addition to the defendant's home, based upon an alleged oral promise of the defendant, made before their marriage, to convey a joint interest in his home as expanded. At the trial the plaintiff testified that, during the week after they returned from their honeymoon, the defendant handed her the deed to the house and told her to telephone the bank and have it change the title to substitute her name for that of his late wife. Plaintiff also testified that, during their brief time together, she repeatedly asked the defendant to put the house in their joint names, or to return the money she had contributed to its improvement. The defendant, on the other hand, took the stand and denied having had any discussion with respect to the return of the money which the plaintiff had contributed toward the house extension. Despite the equitable nature of the plaintiff's claim, defense counsel's attempt to introduce the contract between the plaintiff and her former husband for the purchase of the Northport home, as husband and wife, together with the deed, *all dated at a time when the plaintiff was still married to the defendant,* was rejected by the trial court as collateral to the issues at bar. To permit the plaintiff recovery on a constructive trust theory, as this court is now doing by affirming the judgment, in my opinion, constitutes a serious misapplication of well-established equitable rules and principles. Such a decision compromises a long standing policy of equity, expressed in the maxim that he (or she) who comes into equity must do so with clean hands. To merit the relief which she seeks, the plaintiff must prove that, because of a confidential relationship existing with the defendant, she made her financial contribution in reliance upon a promise, express or implied, which promise was subsequently breached by him and resulted in his unjust enrichment (see *Foreman v Foreman,* 251 NY 237; *Sinclair v Purdy,* 235 NY 245). Of course, enrichment becomes unjust only if the defendant's retention of the plaintiff's contribution is wrongful (see *Towner v Berg,* 5 AD2d 481). While the relationship between a husband and a wife

is undoubtedly a confidential one, it is the abuse of that relationship to the detriment of an innocent party which gives rise to equitable relief *(Moftiz v Moftiz,* 50 AD2d 901). The rationale for granting equitable relief under such circumstances has been explained as follows: "When such [confidential] relationship exists, the law, in order to prevent undue advantage from the confidence or trust which the relation naturally creates, will carefully scrutinize transactions between the parties to prevent any abuse of confidence or betrayal of trust, and if there are any misrepresentations or concealment of material facts, or just suspicion of artifice or undue influence, relief will generally be granted to the one whose confidence has been abused" (61 NY Jur, Trusts, § 146). On this point it was clearly error for the trial court to have rejected evidence that the plaintiff, while married to the defendant, had arranged to buy a house with her first husband, in which transaction she described herself as his wife. Such evidence directly controverts the finding, as articulated by the majority, that there was a "mutual understanding between the parties" and a breach of that understanding by the defendant. One is compelled to rhetorically ask: what kind of "mutual understanding" could have existed between the parties when the plaintiff, having contributed toward expansion of the defendant's home, almost immediately thereafter abandoned her marriage relationship with the defendant to return to her first husband? It is the plaintiff who must prove (1) that she was induced to act *to her detriment* and (2) the defendant's unjust enrichment thereby (see *Fischer v Wirth,* 38 AD2d 611). Yet, the facts in this case show that the addition to the defendant's house was for the accommodation of the plaintiff's children, and that it was the plaintiff who flouted the marriage relationship so as to render the addition unnecessary. Any enrichment of the defendant was cancelled out by his being induced to act to his own detriment in having the addition built in the first place. The majority decision permits the plaintiff, in effect, to compel restitution from the defendant on the basis of a confidential relationship which she herself has abused. Equity should not countenance such an inherently unjust result. I would reverse the judgment insofar as appealed from and dismiss the complaint.