Wendell L. WALWYN and Herma
Wendell, his wife, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. CV 97–3042.

United States District Court,
E.D. New York.

June 11, 1999.

Albert M. Demarco, Garden City, NY,
for plaintiffs.

U.S. Department of Justice, Washington, DC, by Bartholomew Cirenza, Wendy Kisch, for defendant.

### MEMORANDUM, FINDINGS OF FACTS AND LAW, ORDER AND JUDGMENT

WEINSTEIN, Senior District Judge.

Plaintiffs seek a declaration that the home they and their children live in is theirs. The government, which has tax claims against a relative, Edward Charles, has sought to impose a lien on it.

As indicated below, the home is the plaintiffs'. Edward Charles does not now have, and never has had, an interest of any value in the property.

A bench trial was conducted. After circulation to the parties of the court's tentative conclusions and receipt of the parties' proposed findings and objections, the following are found as fact and law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

### FACTS

Plaintiffs, the Walwyns, successfully bid on a house (probably forfeited to the City of New York for failure to pay taxes), needing extensive rehabilitation, at an auction held by the City on December 17, 1987. Because they had a number of children and their income was limited, plaintiffs believed that they could not comply with the purchase money mortgage income criteria of the City. They decided to take title in the name of a more affluent relative, a brother-in-law, Edward Charles.

It was plaintiffs' funds that supplied the necessary cash and fees for the purchase. Charles used the Walwyn funds to make the payment required by the bid, taking title in his own name and giving the City a purchase money mortgage as purported "owner." At the time of purchase Charles agreed with the Walwyns that they were the "true" owners.

The Walwyns did not understand the implications of leaving title in Charles'

name. They did not intend to harm anyone. In fact, no one was harmed or injured by the fact that title was taken in their brother-in-law's name. From the time the deed was placed in Charles' name on July 22, 1988, all payments on the purchase money mortgage have been made by the Walwyns. The City has not suffered any loss. The City makes no complaint.

Nevertheless, title was taken in the name of Charles to mislead the City into believing that the purchaser could "afford" the property as required by the City's guidelines for a purchase money mortgage. To this extent plaintiffs' hands are not completely clean.

The Walwyns paid the cost of the house out of their earnings and the sale of property they had owned in St. Thomas. Following the purchase, and while they lived there with their children, they invested money and considerable effort in improving the home. Mr. Walwyn is a carpenter. He installed new windows and with his wife did a great deal of other work to enhance the property. This contribution to the value of a home by the labor of new owners with little capital is known in New York as "sweat equity." All mortgage, tax payments, and costs for materials used to improve the home were paid for by the occupants, the Walwyns.

The brother-in-law, Edward Charles, paid nothing and did no work on the property. He never exercised control. He never occupied the house. He was a "straw purchaser"—one who purchases for another. He has never made a claim of ownership.

## LAW

Under some circumstances property purchased in the name of a relative may be considered a gift to that relative by the person supplying the funds. Restatement of Trusts (Second) § 442 (1959) (Purchase in Name of Relative); 5 Austin Wakeman Scott, The Law of Trusts § 442 (4th ed. William Franklin Fratcher, 1989). Usual-

ly, the relative is a spouse, child or parent. *Id.* In this case the relationship with the brother-in-law does not suggest that a gift by the Walwyns should be "presumed." *Id.* He was not the "natural object of a bounty" such as this home. Restatement of Trusts (Second) § 443 (1959).

■ In any event, any presumption of a gift to a relative is rebutted when the person who paid the purchase price "manifests an intention that the transferee should not have the beneficial interest in the property." *Id.* In such a case the owner in name holds the property in trust for the equitable owner, the person who paid for the property. *See id.* Parole evidence may be relied upon to rebut the inference of a gift. *Foreman v. Foreman,* 251 N.Y. 237, 167 N.E. 428 (1929) (Cardozo, C.J.); Restatement of Trusts (Second) § 443, cmt. a; 5 Austin Wakeman Scott, *The Law of Trusts* § 443; New York Annotations to the Restatement of the Law of Trusts §§ 442, 443 (1947).

As Chief Judge Cardozo noted in *Foreman:*

> The rule is now settled by repeated judgments of this court that the [law] does not obstruct the recognition of a constructive trust affecting an interest in land where a confidential relation would be abused if there were repudiation, without redress, of a trust orally declared.

251 N.Y. at 240, 167 N.E. at 429; *see also Torres v. 36,256.80 U.S. Currency,* 25 F.3d 1154, 1158 (2d Cir.1994) (citing *Foreman* as "the leading case," and noting that "[c]onstuctive trusts continue to be imposed by New York courts").

This case does not involve a dispute about the validity of a conveyance, but about the existence of a trust in favor of the true purchasers. Thus the government's reliance on New York General Obligations Law Section 5–703 requiring a writing to enforce an agreement to convey real property is inapt. *See* Richard A. Givens Practice Commentaries, N.Y.Gen.

Oblig.Law § 5–701, § 5–701 at 307 (McKinney 1989) ("a constructive trust on assets which in good faith must belong to one other than the ... nominal owner ... is not considered an enforcement of an oral contract although it may depend on oral testimony in some cases").

Also unavailing is the government's argument that abolition of the law of purchase money resulting trusts by an 1830 New York statute, now New York Estates Powers and Trusts Law section 7–1.3, requires it to prevail. That provision was designed to prevent fraud on creditors through secret trusts and to give a remedy to a defrauded creditor. *See* Margaret Valentine Turano *Practice Commentary* N.Y. Est. Powers & Trusts Law § 7–1.3, at 201 (McKinney 1992) ("the resulting trust is not abolished"); *id.* at 13 (Supp. 1999) ("the purchase-money resulting trust, may in the right circumstances be replaced by the common law remedy of a constructive trust").

The government's plaint regarding the possibility of a successful fraud by the Walwyns against unnamed creditors is not relevant. This case is not designed to have a bearing on any possible claim of the City of New York, a vendor of products or services to the Walwyns, or on liability of the Walwyns for possible Internal Revenue claims against them. It operates only as between the parties to the present suit based upon tax debts owed by Edward Charles.

### APPLICATION OF LAW TO FACTS

It would be a gross perversion of equity and law were the government to succeed in dispossessing the Walwyns and their children from the home they struggled to pay for and so lovingly restored. Were the situation reversed, that is to say, were the taxes owed by the Walwyns, the government certainly would not permit an escape from its levy on the property on· the ground that it belonged to Edward Charles, the nominal title holder. Mutuality is required. Turnabout is fair play under law and equity. The demands of the government's fisc do not justify the overreaching proposed by the United States.

The plaintiffs have had fee title to the property since July 22, 1988. Placing nominal title in the name of Edward Charles did not harm the United States.

Edward Charles does not now have, and never did have, an interest in the property.

The defendant does not have a valid lien against the property to collect Edward Charles' tax debt.

The defendant's tax levy and seizure of the property are void.

The property should be released from the defendant's tax levy.

The defendant should be enjoined from enforcing the tax levy and from selling the property.

### CONCLUSION

Judgment is granted to plaintiffs against the United States. The United States lien against the Walwyn property is vacated.

Costs and disbursements to the plaintiffs.

SO ORDERED.