(42 Misc. Rep. 49.)

### FREYGANG v. TRAIN.

(Supreme Court, Special Term, Kings County. December, 1903.)

1. WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENT.

 Defendant's husband borrowed money on his note, and thereafter contracted to buy certain real estate, and paid for the same with the borrowed money, and directed the land to be conveyed to his wife. Upon his death the lender sued her to impress a trust on the property to the extent of the amount unpaid him under the claim that the husband had agreed to pay the money, with interest, together with a share of the profits, if any. Held, that the lender could not testify as to conversations with the husband tending to establish the agreement as the wife took the property "from, through, or under" her husband within the meaning of Code Civ. Proc. § 829, rendering such evidence incompetent on the death of the other party to the transaction.

Action by George Freygang against Mary B. Train to set aside a conveyance as fraudulent. Complaint dismissed.

Mass & Goldberg (E. T. Lovatt and W. V. Goldberg, of counsel), for plaintiff.

Daly, Hoyt & Mason (William Rand, Jr., and Charles K. Carpenter, of counsel), for defendant.

SMITH, J. These facts are established in this case by evidence, the competency of which is not questioned by either party.

Frederick C. Train, the husband of the defendant, made written contracts in his own name for the purchase of certain real estate at Oyster Bay, Long Island, and then, by his direction, the vendors conveyed the property directly to the defendant. He obtained the entire purchase money from the plaintiff, and gave him a note for the amount, with interest at 5 per cent. This note was twice renewed, and the interest was paid thereon regularly until Mr. Train died. If no other fact appeared, the only conclusion permissible is that Mr. Train borrowed the money from the plaintiff, and plaintiff accepted Mr. Train's personal note as security for the amount and interest. The plaintiff has brought this action, alleging that the conveyance to the defendant was fraudulent as to him. He claims that he had an oral agreement with Mr. Train by which Train should take title to the property in his own name, and when it was sold that he would be repaid the amount that he advanced, together with a share of the profits, if any, arising from the transaction; that Train fraudulently caused the title to be taken in the name of the defendant to defeat the rights of plaintiff under the agreement; and judgment is demanded that the property be impressed with a trust for the amount of the purchase price with the unpaid interest. This agreement is sought to be proved by the testimony of the plaintiff as to personal conversations with Mr. Train. This testimony was objected to by the defendant's

counsel on the ground that it was incompetent, under section 829 of the Code of Civil Procedure. The agreement was not sought to be proved except by this testimony, so that, if the testimony is incompetent, and for that reason is disregarded, the plaintiff has failed to make out a cause of action against the defendant, and his complaint must be· dismissed. I received this evidence with some misgivings, and at the close of the trial directed counsel to submit briefs upon the question of its competency.

If the defendant obtained title to the property in question from, through, or under her husband, the plaintiff should not be permitted to testify to personal conversations or transactions with him against the defendant's interest. If Mr. Train had taken title to the property under his contract with the vendors, and then had made a conveyance to his wife, there could be no doubt that the evidence was incompetent. I think the transaction here is similar within the meaning of section 829. Mr. Train, by virtue of his written contracts with the vendors, obtained equitable title to the property. He could have compelled its transfer to himself. Instead he directed its transfer to the defendant. The only reasonable construction of this transaction is that the defendant obtained title to the property from, through, and under her husband. This construction must be adopted to prevent the wrong which the statute was enacted to guard against. The design of the statute, as has been repeatedly declared by the courts, is to prevent a living witness, who has an interest in the event of an action, from taking advantage of the death of a person who cannot contradict a conversation or transaction had with him in his lifetime. In the case of Parker v. Parsons, 79 App. Div. 310, 79 N. Y. Supp. 688, the court, at page 314, 79 App. Div. page 690, 79 N. Y. Supp., used this language:

"The construction which should properly be given to section 829 of the Code of Civil Procedure constitutes a very interesting chapter in the law of evidence of this state. While it is not difficult to cite cases which are apparently in conflict with each other upon this subject, yet upon careful examination it will be found that the trend of the decisions is in the direction of an observance of the spirit, as well as the letter, of the statute."

My attention has not been directed to the decision of a precisely similar case. But, considering the purpose of the enactment of section 829, and the importance of its interpretation to carry out its spirit and intent, I have determined that the evidence in question must be disregarded, and by such determination it follows that the complaint must be dismissed, with costs.

Complaint dismissed, with costs.