In the Matter of the Estate of CHARLES PIZER, Deceased.

Surrogate's Court, New York County, December 9, 1941.

*Joseph A. Cox,* for the Public Administrator of New York County, petitioner.

*Millard & Greene,* for the respondent.

FOLEY, S. The public administrator in this discovery proceeding sought the delivery of a savings bank book evidencing a deposit of $2,126.82 in the name of the decedent, which was alleged to be in the possession of the respondent. The respondent in his answer admitted possession and asserted that the moneys within the account were his by reason of a valid gift *inter vivos* made by the decedent to him. The trial was by jury.

At the close of the respondent's case the attorney for the public administrator moved to dismiss the answer, upon the ground that the evidence showed that the decedent never parted with the title to the property. The motion to dismiss was granted.

The two essential elements of a valid gift are (1) an intent to make the gift, and (2) a delivery of the property to the donee with an intent upon the part of the donor to divest himself of all title and right thereto, " and the evidence must be inconsistent with any other design on his part. The donor must release all control over the property. A gift to take effect in the future is void as a promise without consideration." (*Matter of Green*, 247 App. Div. 540, 544, citing *Matter of Bolin*, 136 N. Y. 177, 180; *Gannon* v. *McGuire*, 160 id. 476.)

The principal witness for the respondent supplied the testimony which established that the decedent never intended to part with the bank book. He testified that the decedent at the time of the making of the alleged gift proffered the delivery of two bank books to the respondent. The decedent then stated: " If I need them I know where I can get them. * * * If I want them I can get them back. * * * If I need money I always know where I can come and get it." His reference to getting money plainly referred to his right to repossess the book which, with the presentation of the necessary draft signed by him, were required by the bank to withdraw funds from the account. The decedent at the time of this transaction did not sign any instrument evidencing the formal transfer of the bank account nor did he sign any draft upon it. No change was made in the form of the account during the remaining period of his life. The respondent, according to the version of the son, then refused to accept the two bank books because of the financial circumstances of the decedent and the possibility that he would need the moneys in the two accounts, which constituted all his property, for his immediate expenses. Ultimately the decedent took back one of the books and left the other in the possession of the respondent.

It is undisputed that the decedent had been ill for a time preceding the transaction and had visited a doctor for examination and treatment on the day of the alleged gift. It appears, however,

that the illness was not of a serious nature. He committed suicide by gas asphyxiation five days afterwards. The only inference that can be drawn from the testimony of the son is that the bank book had been delivered to the respondent for safe keeping with the right of the decedent to reclaim it in his discretion. If Mr. Rothstein, the respondent, had died before the decedent, the estate of the respondent could never have sustained a claim to the bank account against Mr. Pizer, the decedent here. Under such circumstances the presumption of the continuance of ownership in the original holder applies. There was not such an unqualified delivery or parting with control of the money by the donor or a vesting of title in the donee sufficient to sustain an absolute valid gift. (*Young* v. *Young,* 80 N. Y. 422.)

In a very recent case (*Matter of Kelly,* 285 N. Y. 139) the Court of Appeals had before it a similar claim that possession had ripened into a valid gift. It pointed out that mere possession constituted at best the receiver of the property as the agent or custodian of its owner. Judge RIPPEY in the dissenting opinion restated the rules applying to absolute transfers: " ' The law never presumes a gift.' (*Matter of Bolin,* 136 N. Y. 177, 180.) To establish that a gift had been made, the burden rested upon respondents to show by the clearest evidence each and every element essential to establish that a gift was made. * * * To establish a valid gift *inter vivos,* there must have been an intention to give, delivery of the thing given to the donee pursuant to that intention and acceptance of the gift by the latter. [*Beaver* v. *Beaver,* 117 N. Y. 421.] " It was pointed out that the intention to give may be established by the most satisfactory evidence and yet the gift fails. Continuing, Judge RIPPEY stated: " So far as testator is concerned, there is not a shred of evidence in this case to establish the presence of any one of those essential elements. It would shock the sense of right, if a possession which was, at most, only permissive, while entirely consistent with the title of another, should silently bar that title." The claim of a gift in that case was disallowed.

In the present proceeding there is affirmative proof on the part of the respondent that the decedent never intended to relinquish dominion over his bank book. He never divested himself of title to it. He reserved the right to revoke and reclaim it. Anything short of a complete divestiture, " strips it of the quality of completeness which distinguishes an intention to give, which alone amounts to nothing, from the consummated act, which changes the title." (*Beaver* v. *Beaver, supra,* 429.) This conclusion likewise accords with the decedent's circumstances. He had been unemployed for a period of three years. He had no form of

income other than the interest on the two bank accounts. Under this situation, it is inconceivable that he would have made an absolute transfer of the sum of $2,100, or approximately one-half of all that he owned. Here the decedent may have intended that the bank account should vest in the respondent upon the death of the decedent. It is an elementary rule, however, that such a gift cannot be made to take effect *in futuro*. (*Young* v. *Young, supra.*) Intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given. (*Matter of Van Alstyne*, 207 N. Y. 298; *Butler* v. *Sherwood*, 196 App. Div. 603; affd., 233 N. Y. 655; *Matter of Delapenha*, 176 Misc. 732.)

The testimony of the respondent's own witness that possession merely was given to him, destroys any right of recovery as a matter of law.

No claim to a gift *causa mortis* was made here. Indeed, none could be made because of the absence of the requisite elements of that form of gift. (*Ridden* v. *Thrall*, 125 N. Y. 572.)

Submit decree on notice dismissing the answer, directing the delivery of the bank book to the public administrator and determining that the moneys in the account were the property of the decedent and are not and never were the property of the respondent.