hotel in which plaintiff was a guest.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

PETER PISAREK, Respondent, v. MARY WOJTYLA PISAREK, Appellant, and Others, Defendants.— Interlocutory judgment affirmed, with costs, payable out of the fund. Memorandum: The referee has found that all the moneys that came into the hands of defendant, including the proceeds of the insurance policies and the money paid by the Polish Society, were, by agreement between the parties, placed in a common fund, together with the earnings of the plaintiff and of the children of the parties, to be owned and shared equally by the parties. The evidence supports that finding. The proceeds of the life insurance policies would be the exclusive property of defendant except for that agreement. But, in any case, according to defendant's own testimony, she invested most of the insurance money in real estate, taking title to the properties as tenants by the entirety, thereby making a completed gift to plaintiff. All concur. (The interlocutory judgment directs defendant to account for certain money received by her.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

JOHN LIBERIO, Appellant, v. UNITED STATES RADIATOR COMPANY, Respondent. — Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

THE CENTURY INDEMNITY COMPANY, Respondent, v. BANK OF GOWANDA, Appellant.— Motion for reargument denied. Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

FRANK DAMIANI, Appellant, v. UNITED STATES GYPSUM COMPANY, Respondent. — Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Motion to amend as to costs, order entered May 6, 1942, denied. [See ante, p. 820.] Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

In the Matter of the Application of NEW YORK TELEPHONE COMPANY, Appellant, for an Order That WILLIAM F. CANOUGH, as Commissioner of Assessment of the City of Syracuse, Respondent, Show Cause Why the Assessment of Certain Property of Said Petitioner for the Year 1941 Should Not Be Declared Erroneous, etc.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted. [See ante, p. 937.] Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

In the Matter of the Application of NEW YORK TELEPHONE COMPANY, Appellant, for an Order That WILLIAM F. CANOUGH, as Commissioner of Assessment of the City of Syracuse, Respondent, Show Cause Why the Assessment of Certain Property of Said Petitioner for the Year 1940 Should Not Be Declared Erroneous, etc. (Property Omitted 1940 Assessment, etc.) — Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted. [See ante, p. 938.] Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

In the Matter of the Judicial Settlement of the Account of DANA W. MATHEWSON, as Administrator, etc., of WALTER MATHEWSON, Deceased.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

ROMAN GODLEWSKI, as Administrator, etc., of CHESTER GODLEWSKI, Deceased, Appellant, v. E. R. SQUIBB & COMPANY and WILLIAM B. ZAIDEL, Individually and Trading under the Name of ZAIDEL, Respondents. In the Matter of the