■ HARRY LAZAR, on Behalf of Himself and of All Other Creditors, Appellant, v. TOWNE HOUSE RESTAURANT CORP. et al., Respondents, et al., Defendants.— In an action by a judgment creditor, on his own behalf and on behalf of other creditors, pursuant to article 10 of the Debtor and Creditor Law and article 6 of the General Corporation Law, based on fraudulent concealment and dissipation of the assets of the judgment debtor, the judgment creditor appeals from so much of a judgment in his favor, entered after trial, as grants him relief in his individual capacity only and as limits the fee for his attorney to $1,000. Judgment insofar as appealed from affirmed, with costs. On the limited record presented on this appeal, we are unable to determine that it was error to award appellant a judgment in his individual capacity only, or that the counsel fee awarded is inadequate. Nolan, P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to modify the judgment so as to make it interlocutory and to remit the action to the Special Term for the purpose of permitting other creditors to prove their claims, pursuant to section 133 of the General Corporation Law. In my opinion, based on the finding of deliberate fraud, and the undenied allegation in the pleadings of the existence of other creditors, it was an improvident exercise of discretion to award appellant a judgment only in his individual capacity. I am also of the opinion that the $500 paid by defendant Makowsky during the trial in settlement of his obligation should be placed in the general fund for the benefit of all creditors who prove their claims. The fee for appellant's attorney should therefore be increased in proportion to the total amount due all the creditors. In my opinion, the action is representative. (*Buckley* v. *Stansfield*, 155 App. Div. 735; *Whalen* v. *Strong*, 230 App. Div. 617.) The form of the record on this appeal, while not conforming to the requirements of relevant statutes and rules, has been approved by a decision of this court (see *Lazar* v. *Towne House Restaurant Corp.*, N. Y. L. J., Nov. 20, 1956, p. 10, col. 1).

■ JULIA NATHANSON, Appellant, v. JOHN NATHANSON et al., Respondents. In the Matter of the Arbitration between LEO P. NATHANSON et al., Respondents, and JULIA NATHANSON, Appellant.— Consolidated appeals (1) from an order (a) granting an application to stay the prosecution of the above-entitled action pending the determination of an arbitration proceeding, and (b) denying the cross application to vacate a notice of intention to arbitrate, and (2) from an order made in the above-entitled action denying a motion to appoint a receiver *pendente lite*. Orders affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ SAMUEL PESSIN, Respondent, v. KARL F. HOCHMAN, Appellant et al., Defendant.— In an action on promissory notes, the appeal is from an order granting respondent's motion to transfer the action from the jury calendar to the nonjury calendar. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Respondent invokes a waiver provision, contained in a chattel mortgage, for the purpose of depriving appellant of a jury trial. The waiver provision pertains only to the mortgagor and not to appellant, who as an individual was not a party to the mortgage. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.