Harold Baer, J.
This case was tried before the conrt without a jury. Formal findings of fact and conclusions of law were waived. Plaintiff seeks to impress a trust upon funds which *1052 lie gave to the defendant and an accounting of the interest, earnings and profits derived therefrom.
The parties are husband and wife. They separated in 1957 after 21 years of marriage. The plaintiff husband worked for defendant’s father between 1936 and 1947. He earned substantial sums of money in salary and from a percentage of the profits of the business.
During the years 1941 through 1943 profits were substantial and in 1943 Philip Lieberman, the defendant’s father and the individual owner of the business, formed a partnership consisting of the members of his family. Also during the same years plaintiff gave to the defendant $47,000 out of his earnings and profits from the business. Plaintiff contends that this money was given to the defendant to hold for him and to be used as he would request and direct. The defendant contends that these funds were a gift to her.
The defendant deposited the $47,000 in her account in which she claims to have had substantial funds of her own. She gave checks to the plaintiff from time to time as requested by him; to lend to the business, to invest in the two family partnerships, and for a variety of other family expenses. While defendant contends that the investments of $15,000 and $5,000 respectively for the partnerships were from her own funds, both parties admit that payments were made out of the funds in litigation for medical bills, for the education of their children, taxes and upkeep on their home, and for many specific items which the plaintiff directed.
During the entire period and until the parties separated, plaintiff gave to defendant weekly sums of money toward ordinary household expenses.
It is necessary to consider the claims separately. The plaintiff has proved conclusively that he gave to the defendant $47,000. One question to be determined is whether this was deposited with her under a promise to return and subject to his domination and control or as a gift? Secondly, if a trust be impressed, is plaintiff entitled to an accounting of the interest, earnings, and profits, particularly from the family partnerships ?
Aside from the conflicting testimony of the parties, there is little evidence of intention by the plaintiff to make a gift. That another son-in-law of Philip Lieberman may have made a gift to his wife is not conclusive upon this plaintiff. The actions (>f the parties during the long period involved are more convincing. The plaintiff earned this money and continued con *1053 trol over the funds. Defendant made payments at his direction, and as late as January, 1957, just before the parties separated, gave to him a check for $1,075 which she failed to explain. Nor did she have a satisfactory explanation for many- other checks paid to or for the plaintiff. The very schedule of payments made from the funds for or to the plaintiff contradicts her contention that a gift was intended by the plaintiff or accepted by the defendant. Further, neither party ever filed a gift tax return.
A gift inter vivos operates, if at all, immediately and irrevocably (38 C. J. S., Gifts, § 3, p. 781). To effect a gift there must be an intent upon the part of the donor to divest himself of all rights thereto, ‘ ‘ and the evidence must be inconsistent with any other design on his part. The donor must release all control over the property” (Matter of Green, 247 App. Div. 540, 544; Young v. Young, 80 N. Y. 422; Matter of Bolin, 136 N. Y. 177, 180; Gannon v. McGuire, 160 N. Y. 476; 38 C. J. S., Gifts, § 8, p. 785 et seq.). None of the basic elements of gift are present in the instant case other than bare possession. This is not enough. The law never presumes a gift. The burden rests upon the alleged donee to show by the clearest evidence each and every element essential to establish a gift (Matter of Bolin, supra; Beaver v. Beaver, 117 N. Y. 421; Manacher v. Sterling Nat. Bank & Trust Co. of N. Y., 4 Misc 2d 1069, 1074-1075; Matter of Pizer, 178 Misc. 7).
On the other hand, our courts have unhesitatingly imposed a constructive trust where there has been an abuse of a confidential relationship. Marriage is such a relationship (Sinclair v. Purdy, 235 N. Y. 245; Pattison v. Pattison, 301 N. Y. 65; Wood v. Rabe, 96 N. Y. 414; Pagano v. Pagano, 207 Misc. 474, affd. 2 A D 2d 756; Farano v. Stephanelli, 7 A D 2d 420; 3 Bogert, Trusts and Trustees, part 1, pp. 82-86; Matter of Turley, 160 Misc. 190; 1 Scott, Trusts [2d ed.], p. 320). Also, the courts have imposed trusts to prevent unjust enrichment. “It is not the promise only, nor the breach only, but unjust enrichment under cover of the relation of confidence, which puts the court in motion ” (Sinclair v. Purdy, supra, p. 253). Present here, there is, “the case of a confidence induced, not by the bare promise of another, but by the promise and confidential relation conjoined ” (Wood v. Rabe, supra, p. 426).
Although the plaintiff testified to a promise by the defendant to return the money to him as requested, even assuming no direct promise, mutual understanding may arise from the con *1054 fidential family relationship itself (Farano v. Stephanelli, supra; Sinclair v. Purdy, supra). This, coupled with the conduct of the parties with respect to the fund, confirms the creation of the trust (Foreman v. Foreman, 251 N. Y. 237, 241).
The defendant will be credited with all sums of money withdrawn from the fund at plaintiff’s request or with his acquiescence.
The plaintiff contends that if a constructive trust is found, then plaintiff is entitled not only to the funds entrusted to the defendant, less the above-mentioned deductions, but also to an accounting for all the interest, earnings and increments thereon (Beatty v. Guggenheim Exploration Co., 225 N. Y. 380). "While ordinarily this is sound law, it is not applicable in the instant situation. From the evidence adduced, the plaintiff has not proved by a preponderance of the credible evidence that he was in fact a partner in the Philip Lieberman enterprises. The most that he proved was that he requested checks from the defendant to give to the companies, to wit: $10,000 and $5,000 for Philip Lieberman & Co., and $5,000 for Altmont Bibbon Co. The defendant had considerable funds of her own in the same account in which she deposited the plaintiff’s $47,000 and the moneys invested in the Lieberman enterprises were from her own resources. There is nothing in the documents in evidence or in the testimony, except from plaintiff himself, to sustain a finding that plaintiff was or that there was ever any intention that he be a partner. On the contrary, the documents and the testimony of the other witnesses bear out defendant’s contention in this matter.
The funds in question were kept in a checking account bearing no interest and commingled with defendant’s own funds. All available records were produced and there is no evidence that there was any interest, income or profits derived from the plaintiff’s funds entrusted to the defendant. In addition, the plaintiff never demanded his money until some time in 1957. I am satisfied that if any investments were made, other than those made in the family partnerships with defendant’s own funds, the plaintiff would have known about them and produced the evidence at the trial. He often balanced the defendant’s check book and was aware of all income and expenditures. This part of the relief demanded by the plaintiff is denied.
While it is true that there is a right to an accounting where a technical trust exists or where there is a relation of agency or confidence (Rubenstein v. Small, 273 App. Div. 102, 104), it *1055 would be idle to grant one in a situation where all of the claims of the parties are before the court and can be determined.
In accordance with this decision, there is no need for an accounting. Under the circumstances, litigation should not be prolonged where there is sufficient evidence to ascertain the amount due from the defendant to the plaintiff. The evidence has been carefully reviewed. There is no adequate proof of expenditures by the defendant from the funds in question during the years 1943 to 1949 inclusive except for a dental bill of $2,200. The defendant has no books nor vouchers so that acceptable evidence cannot be adduced. Further, no consideration has been given to any expenditures after January 10, 1957, which is the date that the parties separated. Their financial obligations to each other after this date will be determined in their pending matrimonial action.
Defendant’s exhibit M covers the years 1950 to 1957 inclusive and has been reviewed in the light of the testimony. Defendant has been credited with all expenditures as indicated on the exhibit and on the adding machine tape annexed thereto. These credits include all payments for doctors and dentists, taxes and house upkeep, vacation expenses for members of the family and education of their children as well as the checks drawn to the order of the plaintiff. The plaintiff admittedly authorized these payments. The defendant received a weekly allowance for household and personal expenses and there is no evidence that expenditures by her in excess of such allowance were authorized by the plaintiff or that she did not expend her own funds for these excess items. The defendant asserts that she had her own funds for investment. It may be assumed that she spent some of these funds when she chose to exceed the weekly allowance given to her by the plaintiff (Manufacturers Trust Co. v. Gray, 278 N. Y. 380, 386).
Deducting the total of the above items in the sum of $18,521.17 from the $47,000 entrusted to the defendant by the plaintiff, the balance in the hands of the defendant amounts to $28,478.83.
Actions between husband and wife to determine the intent of their financial transactions are difficult to disentangle. However, the parties are in a court of equity where justice must be served, restricted however to the general rules of evidence and law applicable to the situation. To that end the husband is entitled to money that he earned and entrusted to his wife. She should not be unjustly enriched because he entrusted such funds to her because of their confidential relationship. However, he is not to be unjustly enriched by the profits of her *1056 family business. Judgment for tbe plaintiff in tbe amount of $28,478.83 with, interest from tbe date of tbe commencement of tbe action (Woerz v. Schumacher, 161 N. Y. 530, 537-538; 2 Clark, New York Law of Damages, § 904, p. 1592 el seq.).
Submit decree on notice.