John F. Scilepfi, J.
In this action to impress a constructive trust in plaintiff’s favor upon certain real property, defendants move to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice on the ground of legal insufficiency and for judgment dismissing the complaint, pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice, on the ground that the cause of action set forth therein did not accrue within the time limited by law for the commencement of an action thereon and, pursuant to subdivision 7, upon the further ground that the contract upon which the cause of action is founded is unenforcible under the Statute of Frauds.
The complaint sets forth one cause of action wherein it is alleged that plaintiff, who is the mother of defendant, Jennie Kirstein, contributed the sum of $2,000 towards the $18,000 purchase price of a two-family home at the request of her daughter and her daughter’s husband, defendant Sidney Kirstein; that in consideration of plaintiff furnishing said sum defendants agreed “ to grant to the plaintiff a 50% interest in the said property ” provided that plaintiff would pay her prorata share of the mortgage payments, which mortgage was then in the sum of $11,000, and, in addition thereto, pay one half of all additional carrying charges; that in reliance upon the promises of defendants plaintiff did contribute the sum of $2,000 and title to the house was taken in the name of defendant Sidney Kirstein on October 14, 1947; that thereafter on December 29, 1952 defendant Sidney Kirstein executed a deed conveying the home to his wife and to himself; that plaintiff has paid to the defendants a sum in excess of the agreed share of the carrying charges; that defendants do not and never did intend to preserve plaintiff’s interest in the property; that defendants have threatened to assign, sell, transfer or otherwise incumber the property; and that plaintiff has demanded of the defendants that they convey title to the property from themselves to the plaintiff, setting forth plaintiff’s 50% interest in the premises.
In the opinion of the court, plaintiff has sufficiently stated a cause of action to impress a constructive trust upon the property, and consequently the first branch of the motion is denied. (Foreman v. Foreman, 251 N. Y. 237.)
In support of that branch of the motion which seeks judgment dismissing the complaint on the ground that the action is barred by the 10-year Statute of Limitations (Civ. Prac. Act, §53), defendants urge that the cause of action accrued when defendant Sidney Kirstein took title to the property on October 14,1947, hence the action which was commenced in October, 1961 *231 is time-barred. They argue that ‘ ‘ According to the complaint, the defendant should have conveyed a 50% interest in the property immediately after he became the owner.”
The court finds defendants’ contention without merit. It is true that where ‘1 an action is instituted against a trustee ex maleficio or by implication, or construction of law, the statute begins to run from the time the wrong was committed by which the party became chargeable in equity as a trustee. Lammer v. Stoddard, 103 N. Y. 672 ”. (Geller v. Schulman, 110 N. Y. S. 2d 862, 865, affd. 280 App. Div. 933.) In the case at bar the complaint contains no allegation as to when the breach of the alleged trust relationship occurred, but merely alleges that ‘ ‘ defendants agreed to grant to the plaintiff a 50% interest in the said property”. Nor can the court, on the basis of the paper submitted, determine when the wrong was committed. That question must await the trial of the action. Under these circumstances, that branch of the motion based on the Statute of Limitations is denied, with leave to the defendants to plead that defense in their answer. (Rules Civ. Prac., rule 108.)
Also denied is that branch of the motion based on the Statute of Frauds, in view of the confidential relationship upon which the alleged trust is sought to be impressed. (Foreman v. Foreman, supra.)