George P. Steer, J.
In an action to impress a constructive trust upon certain real property and bank accounts, the plaintiff moves (1) to strike the first and second affirmative defenses and the counterclaim as sham or, in the alternative, pursuant to rules 113 and 114 of the Rules of Civil Practice, granting partial summary judgment and (2) to strike the fifth defense as insufficient in law.
The individual defendant cross-moves for summary judgment dismissing the complaint and granting a judgment in ejectment upon the counterclaim.
The plaintiff is the stepmother of the individual defendant herein and seeks an undivided one-half interest in certain realty and in the proceeds of certain bank accounts. The complaint, in substance, alleges that the plaintiff, in reliance on certain oral promises and representations made by Jacob Tichonchuk, the plaintiff’s husband and father of the individual defendant, to convey to the plaintiff a one-half interest in the real property and bank accounts involved herein, was induced to and did part with money from her own resources.
The first and second affirmative defenses allege, in substance, that Jacob Tichonchuk in November, 1924 executed a deed to the real property involved herein to his first wife, said deed being recorded in June, 1925; that thereafter the first wife died intestate in March, 1927 seized in fee simple in the above-mentioned realty; that under the then existing law the individual defendant was her sole heir and distributee and that Jacob Tichonchuk, her surviving husband, obtained a life estate in the realty by right of curtesy; that, therefore, upon the death of Jacob Tichonchuk the individual defendant was vested in fee simple in the realty; that in 1926 various creditors of Jacob Tichonchuk commenced an action against him and his first wife to set aside the above-mentioned conveyance as being in fraud of creditors; that thereafter a judgment was entered in said action declaring the conveyance null and void as to those creditors a,nd that by reason of such adjudication Jacob *625 Tichonchuk and the plaintiff claiming an interest through him are estopped.
The plaintiff, in support of the first branch of the main motion, argues that these defenses are sham and without merit inasmuch as a decree of this court nullified the purported conveyance by Jacob Tichonchuk to his first wife for all purposes and the title to the real property reverted to him. Furthermore, the plaintiff argues that the counterclaim, which incorporates by reference the allegations concerning the conveyance by Jacob Tichonchuk to his first wife which was declared a nullity by this court, seeking to eject the plaintiff from the real property in her possession on the ground that title in fee simple has vested in the individual defendant is for the reasons mentioned above also sham and without merit.
In support of the second branch of the main motion, the plaintiff contends that the fifth affirmative defense, pleading the Statute of Frauds is insufficient since the Statute of Frauds is not a bar to an action seeking to impress a constructive trust or equitable lien.
The individual defendant, in opposition, contends that the first and second affirmative defenses are valid and proper inasmuch as the decree in the action brought by the creditors of Jacob Tichonchuk did not reinvest him with title to the real property since the effect of the decree was to set aside the conveyance only to the extent necessary to satisfy the claims of such creditors. Furthermore, the individual defendant argues that the defense of the Statute of Frauds is sufficient under the circumstances in the case at bar since the plaintiff is seeking to establish a claim upon an oral agreement.
The individual defendant, in support of the cross motion, contends that the plaintiff has failed to establish a cause of action for a constructive trust since the plaintiff has not alleged or proved that she supplied the original consideration for the property or that at any time did she convey such property. Furthermore, argues the individual defendant, section 347 of the Civil Practice Act bars the plaintiff’s testimony with respect to any personal transactions or communications with Jacob Tichonchuk, now deceased. The individual defendant argues that the Statute of Limitations is a bar to the present action since, even assuming upon any possible legal theory that the plaintiff is entitled to a constructive trust, more than 10 years have elapsed since Jacob Tichonchuk failed to convey a one-half interest in the real property following the marriage of the plaintiff and Jacob Tichonchuk in 1927 as plaintiff alleges Jacob Tichonchuk promised he would do.
*626 The individual defendant contends that the bank accounts involved herein were Totten Trusts naming her as beneficiary and thus became her property upon the death of Jacob Tichonchuk since no evidence has been introduced indicating that the Totten Trusts had been revoked and thus a constructive trust may not be impressed upon the funds. Finally, the individual defendant argues that since Jacob Tichonchuk’s first wife died intestate and was owner of the real property herein and that under the then existing law she was the sole heir and distributee of the intestate, she became vested with title in fee simple upon the death of Jacob Tichonchuk, who merely had a life estate in the realty by right of curtesy. Therefore, she is entitled to summary judgment upon her counterclaim for ejectment.
The court is of the opinion that the decree in the action by the creditors did not set aside the conveyance by Jacob Tichonchuk to his first wife completely but only to the extent necessary to satisfy the judgment creditors’ claims. (See Society Milion Athena v. National Bank of Greece, 281 N. Y. 282, 293; see, also, Glassman v. Glassman, 309 N. Y. 436, 439; Gruenbaum v. Lissauer, 185 Misc. 718, affd. 270 App. Div. 836.) The legal and equitable rights of a creditor are only to set aside fraudulent transfers by debtors insofar as necessary to satisfy the debt — when the debt is paid, the transfer is valid as to the debtor as well as other persons. (Bostwick v. Menck, 40 N. Y. 383, 386.) In the case at bar Jacob Tichonchuk paid his debts to his creditors and the decree obtained by them was not acted upon. Therefore, the transfer to his first wife remained valid. Under these circumstances, the first and second affirmative defenses and the counterclaim embodied in the defendant’s answer are valid and must not be stricken.
Accordingly, the first branch of the plaintiff’s motion is denied.
Inasmuch as the theory upon which the plaintiff’s complaint is based is to impress a constructive trust, the defense of the Statute of Frauds is legally insufficient. (See Williams v. Williams, 4 A D 2d 793, affd. 5 N Y 2d 895; Foreman v. Foreman, 251 N. Y. 237; Wenzel v. Wenzel, 284 App. Div. 874.)
Accordingly, the second branch of the plaintiff’s motion is granted.
It is apparent from the plaintiff’s version of the present controversy that her interests arose from personal transactions with the deceased Jacob Tichonchuk and her claims are against the individual defendant, who derived her title frorn Jacob Tichonchuk. Therefore, section 347 of the Civil Practice Act *627 would bar plaintiff’s testimony upon the trial of the action. (Vulovich v. Baich, 286 App. Div. 403, affd. 1 N Y 2d 735; see, also, Freygang v. Train, 42 Misc. 49.) However, evidence which may be excluded upon the trial pursuant to section 347, while it may not be used as the basis for granting summary judgment, may be considered in ascertaining whether triable issues exist to preclude such relief. (Raybin v. Raybin, 15 A D 2d 679; Bourgeois v. Celentano, 10 A D 2d 824.) The courts will impose a constructive trust if, upon the basis of an oral promise, or the breach thereof, under the cover of a relationship of confidence, a party is unjustly enriched. (See Foreman v. Foreman, supra; see, also, Williams v. Williams, supra; Duboff v. Duboff, 18 Misc 2d 1050.) Marriage is a confidential relationship within the above-mentioned doctrine. (See Fraw Realty Co. v. Natanson, 261 N. Y. 396; Duboff v. Duboff, supra.) It is not necessary to show that the party seeking to impress the constructive trust supplied the original consideration or at any time held title to the property. (See, e.g., Petrukevich v. Maksimovich, 140 N. Y. S. 2d 318, mod. on other grounds 1 A D 2d 786; Pisarek v. Pisarek, 264 App. Div. 986; Matter of Van Muffling, 154 Misc. 300.) A constructive trust may be impressed upon realty, bank accounts and other forms of property. (See Marks v. Marks, 250 App. Div. 289; Pisarek v. Pisarek, supra; Duboff v. Duboff, supra; Matter of Van Muffling, supra.) Upon the death of the party who is unjustly enriched, the property he held continues to be charged with the trust. (Tesauro v. Tesauro, 112 N. Y. S. 2d 246, 250) even if the property is a bank account in Totten Trust form. (See, e.g., Matter of Weinberg, 162 Misc. 867.)
In the case at bar, the complaint, as it relates to the real property, must fail. As it was stated above, the conveyance by Jacob Tiehonchuk to his first wife was not invalid as to the plaintiff and, since the individual defendant was the sole heir and distributee under the then existing law of Jacob Tiehonchuk’s first wife, she became vested with title in fee simple upon the death of Jacob Tiehonchuk, who merely held a life estate by right of curtesy. Obviously, this court could not impress a constructive trust upon the realty involved herein since it is apparent that Jacob Tiehonchuk did not have title in fee simple to the real property when the alleged promises and representations were made to the plaintiff. (See Simmons v. Kelly, 195 N. Y. S. 2d 425.) Furthermore, since the plaintiff claims an interest in the realty through Jacob Tiehonchuk, she would be estopped from seeking to have the conveyance to Jacob Tichonchuk’s first wife declared null and void and to compel recon *628 veyance inasmuch as that conveyance was made to defraud creditors. (McGlinchey v. McGlinchey 179 Misc. 160; see, also, Pattison v. Pattison, 301 N. Y. 65, 73.)
Accordingly, the defendant’s cross motion for summary judgment with respect to the claim in the complaint which seeks to impress a constructive trust on the realty is granted. The cross motion as it relates to the claim in the complaint which seeks to impress a constructive trust upon the funds of certain bank accounts is denied. In view of the discussion above, it is apparent that there are issues of fact, for example, whether or not the oral promises and representations were made by Jacob Tichonchuk and whether or not moneys were given to Jacob Tichonchuk, which cannot be summarily determined. Furthermore, the Statute of Limitations is not a bar to the action in its present posture since it cannot be determined from the papers submitted herewith when the alleged wrong with regard to the bank accounts was committed since plaintiff merely alleges that Jacob Tichonchuk promised to transfer to the plaintiff a one-half interest in bank accounts he then owned or would establish in the future without stating when this transfer was to occur. Thus the question of whether the Statute of Limitations is a bar to the instant action must await the trial. (See Hirschhorn v. Kirstein, 34 Misc 2d 229.)
The cross motion with respect to the granting of summary judgment upon the counterclaim is granted and an assessment of damages will be made upon the trial of the action or as the court may further direct.