George C. LEVIN and James V. Hallisey, as Trustees in Reorganization of the Estates of Swan-Finch Oil Corporation, Keta Gas and Oil Company and Swan Finch Petro Chemical Corporation, Plaintiffs-Respondents.

v.

RUBY TRADING CORPORATION, Lowell M. Birrell, Herbert A. Birrell, Harry Casper and Lois B. Morrill, Defendants,

Peter Jakobson Corporation, Peter Jakobson, Applicants for Intervention-Appellants.

No. 458, Docket 28786.

United States Court of Appeals Second Circuit.

Argued May 5, 1964.

Decided June 9, 1964.

William M. Kahn, New York City (David W. Kahn and William M. Kahn, New York City) (Emil & Kobrin, New York City) (Lawrence A. Kobrin and Loren A. Wittner, New York City, of counsel), for appellants.

James V. Hallisey, New York City (George C. Levin, James V. Hallisey, New York City), for respondents.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

FRIENDLY, Circuit Judge.

This action was brought in the District Court for the Southern District of New York in August, 1962, by the Trustees in Reorganization of Swan-Finch Oil Corporation, Keta Gas and Oil Company,

and Swan Finch Petro Chemical Corporation. The complaint alleged that various frauds on these companies had been perpetrated by Lowell Birrell commencing in May, 1954; that he controlled Ruby Trading Corporation, which in 1944 had acquired an apartment house at 1050 Park Avenue, New York City; that in 1951 Ruby Trading deeded the property to Lowell's brother, Herbert; that in March, 1962, Herbert executed a five-year lease to Peter Jakobson; and that the deed to Herbert and the lease to Jakobson were in fraud of creditors. Jakobson was served, but Herbert Birrell, who was in Canada, was not. The court made an order appointing a receiver, 213 F.Supp. 638 (S.D.N.Y.1962), which this court affirmed on the basis that "a reversal of this order might render nugatory and futile further action by Judge Palmieri," 313 F.2d 140, cert. denied, Jakobson v. Levin, 375 U.S. 813, 84 S.Ct. 44, 11 L.Ed.2d 49 (1963); the receiver cancelled Jakobson's lease under a termination clause. Plaintiffs then discontinued the action against Jakobson. They later amended their complaint to add as a defendant Lois B. Morrill, to whom various mortgages on the property had been assigned, allegedly in fraud of creditors; she answered.

Meanwhile, in January, 1963, Herbert Birrell, still in Canada, transferred title to a Nevada corporation, Empire Associates, Inc., wholly owned by him; in February Empire entered into a contract to sell the property to Peter Jakobson Corporation (hereafter the Corporation). The contract provided for a closing "when title to the property is quieted and clear," except for certain mortgages, and any receiver was removed. The Corporation promised to use its best efforts to these ends; Empire undertook to cooperate and Herbert Birrell agreed to appear as a witness. When the attorneys for the Corporation informed the district judge of the contract, he enjoined its recording. Jakobson and the Corporation then sought to intervene, the former in his status as lessee, which he claimed not to have been validly terminated, the lat-ter to protect its position as "contract-vendee." Denial of both applications led to this appeal.

We must first consider the question of our jurisdiction despite the failure of the parties to do so. Where the sole ground urged for reversal of an order denying permissive intervention is abuse of the trial judge's discretion, we would be reluctant to permit the fragmentation and delay that would result from allowing such orders to be appealed, at least so long as the applicant has "other adequate means of asserting his rights." See Cresta Blanca Wine Co. v. Eastern Wine Corp., 143 F.2d 1012 (2 Cir. 1944); Ford Motor Co. v. Bisanz Bros., Inc., 249 F.2d 22, 26–27 (8 Cir. 1957). On the other hand, it is settled law that if an applicant is entitled to intervene as of right an order denying intervention is appealable. Brotherhood of Railroad Trainmen v. Baltimore & O. R. R. Co., 331 U.S. 519, 524–525, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947). See also Sutphen Estates, Inc. v. United States, 342 U.S. 19, 72 S.Ct. 14, 96 L.Ed. 19 (1951); Sam Fox Publishing Co. v. United States, 366 U.S. 683, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961). Since this makes appealability turn on the merits, it is not a very effective or useful limitation of appellate jurisdiction; the propriety of the denial by the district judge must be examined before the appellate court knows whether it has jurisdiction, and the only consequence of the restriction on appealability is that on finding the district judge was right, it will dismiss the appeal rather than affirm. Cf. Cameron v. President and Fellows of Harvard College, 157 F.2d 993, 997 (1 Cir. 1946); contrast Farmland Irrigation Co. v. Dopplmaier, 220 F.2d 247, 248 (9 Cir. 1955), holding that if intervention was *sought* as a matter of right, denial was appealable even though the court concluded the assertion was unwarranted. Since we decide that the appellants were entitled to intervene as of right, Brotherhood of Railroad Trainmen sustains our jurisdiction to decide this.

The principal ground for denying intervention was the judge's belief that Jakobson and the Corporation were fronting for Herbert Birrell and that to allow them to intervene would further Herbert's plan to remain beyond the reach of the court's processes save in the role of a witness, in which he would enjoy immunity from service to the extent recognized in In re Equitable Plan Co., 277 F.2d 319 (2 Cir. 1960). Whatever pertinence such considerations may have to a decision which is committed to the trial judge's discretion, they are of no consequence when the applicant has a right to intervene under Federal Rule 24 (a), as we find was true of both Jakobson and the Corporation. Furthermore, whatever bearing such thoughts might have as to the Corporation, whose interest in the property arose from transactions by Herbert in Canada several months after this action was instituted against him and after the appointment of the receiver, we fail to see their relevance to the interest of Jakobson as lessee, a status created prior to Herbert's departure for Canada and, indeed, five months before this action was brought, and which the plaintiffs originally thought sufficient to warrant naming Jakobson as a defendant. Such a case comes squarely within F.R.Civ.Proc. 24(a) (3), granting intervention of right "when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof." See 4 Moore, Federal Practice, ¶24.09 [3] (2d ed. 1962). It may be that Jakobson could institute a separate action to require the receiver to disgorge the excess of rents over necessary expenditures, which, if the lease was not validly terminated, belong to Jakobson.[1] But Rule 24 (a) (3) requires only that the applicant be "adversely affected" by the disposition in the proceeding, not that he be altogether without other means of asserting his rights; furthermore the most appropriate forum for determining the validity of the receiver's action is surely the court that appointed him.

The Corporation's application ought also to have been granted. The Corporation's interest as contract vendee of property over which the court had assumed control could be "adversely affected" by this proceeding. It was thus entitled to intervene as of right under Rule 24(a) (3). See Gaines v. Clark, 51 App.D.C. 71, 275 F. 1017 (1921). Moreover, the Corporation would qualify for permissive intervention under F.R.Civ. Proc. 24(b), on the basis that its "claim or defense and the main action have a question of law or fact in common," unless there was sufficient reason for denying this. We cannot see that there was, and although we should not have been inclined to entertain the appeal on this ground alone, it constitutes an added reason for reversal. Although the court understandably wished to be in a position to render a judgment effective against Herbert Birrell, a combination of F.R. Civ.Proc. 4(e) and §§ 314 and 315 of the New York CPLR or their predecessors has always permitted this so far as his interests in the real property were concerned. True, neither service by publication nor representation by the Corporation if that should be found, see A.L.I. Restatement of Judgments, § 85, would empower the court to render an effective judgment against Herbert Birrell with respect to moneys alleged to have been wrongfully withdrawn by him from the property, as an appearance on his part would. But this is an inadequate reason for failing to get ahead with the prin-

---

1. The judge's opinion suggests that the validity of the receiver's termination is *res judicata* as a result of a previous order of the district court and an "affirmance" by a single judge of this Court without opinion. An affidavit of Jakobson's describes the nature of these proceedings quite differently. Since counsel for the Trustees has not favored us with an appendix save for reprinting his memorandum in the district court, and a passage from this rather substantiates appellant's contention, we do not regard the issue as thus foreclosed.

cipal subject of the action, the interests asserted by plaintiffs in the real property. If they are found to be wrong, the issue of Herbert Birrell's personal liability will never be reached; if they are found to be right, they will at least have the property or some interest in it.

Reversed.