352 F.2d 508
 George C. LEVIN, as Trustee in Reorganization of the Estates of Swan-Finch Oil Corporation, Keta Gas and Oil Company and Swan-Finch Petro Chemical Corporation, Plaintiff-Appellee,
v.
RUBY TRADING CORPORATION, Lowell M. Birrell, Herbert A. Birrell, Harry Casper and Lois B. Morrill, Defendants,
Peter Jakobson, Peter Jakobson Corporation, Defendants-Appellants.
 No. 143.
 Docket 29945.
 United States Court of Appeals Second Circuit.
 Argued October 21, 1965.
 Decided November 4, 1965.
 
 Arthur D. Emil, New York City, Emil & Kobrin, David W. Kahn and William M. Kahn, New York City (Lawrence A. Kobrin, Loren A. Wittner, New York City, of counsel), for appellants.
 Everett A. Eisenberg, New York City, for appellee.
 Before WATERMAN, MOORE and FRIENDLY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This action, wherein a trustee in reorganization of certain corporations once dominated by Lowell Birrell asserts title to a Park Avenue apartment building, is before us for the third time, see Matter of Swan-Finch Oil Corp., 2 Cir., 313 F.2d 140, cert. denied, Jakobson v. Levin, 375 U.S. 813, 84 S.Ct. 44, 11 L.Ed.2d 49 (1963); Levin v. Ruby Trading Corp., 2 Cir., 333 F.2d 592 (1964), although no trial has yet been held. Peter Jakobson, holder of a lease of the building, and Peter Jakobson Corporation, a contract vendee, who have been allowed to intervene pursuant to our direction, appeal from an order of Judge Palmieri insofar as it denied their motion to terminate the "temporary" receivership of the building instituted nearly three years ago.[1] They contend that the trustee has inexcusably delayed prosecution of the action, and that papers on file in the District Court demonstrate he cannot succeed. Judge Palmieri thought otherwise but urged the trustee "to employ competent counsel and whatever other personnel may be indicated, with a view to expediting this litigation."[2]
 
 
 2
 Appellants properly point out that provisional remedies, such as interlocutory injunctions and receiverships, ought not to be continued indefinitely in favor of a plaintiff who neglects or refuses to bring his action to trial. Compare Folk v. United States, 233 F. 177 (8 Cir. 1916) (Sanborn, J.). We find it hard to be as indulgent with the trustee as was the district judge. We are unable to understand, for example, why, despite the clear intimation in our opinion of June 9, 1964, that plaintiff ought "to get ahead with the principal subject of the action," 333 F.2d at 595, no effort was made to serve Herbert Birrell until after the filing of appellants' motion in mid-April 1965, although we had pointed out that "a combination of F.R. Civ.Proc. 4(e) and §§ 314 and 315 of the New York CPLR or their predecessors has always permitted this so far as his interests in the real property were concerned." 333 F.2d at 595. We think it is time to supplement admonitions with stronger medicine more likely to achieve results. Therefore, while we affirm the order refusing to terminate the temporary receivership at this time, we direct that the receivership be dissolved unless plaintiff brings the action to trial within four months from the date of this opinion.[3] No costs.
 
 
 
 Notes:
 
 
 [1]
 Jurisdiction exists under 28 U.S.C. § 1292(a) (2). Intervenors' motion also sought summary judgment dismissing the complaint. The judge denied this but no appeal was or could have been taken from that portion of his order
 
 
 [2]
 In fact counsel was appointed after the writing but before the filing of Judge Palmieri's opinion
 
 
 [3]
 We leave discretion to the district judge to extend this period if defendants should delay the trial by dilatory tactics