■ GEORGE W. PHILIPPS, Respondent, v CAROLE J. PHILIPPS, Appellant. —In an action, *inter alia,* to impress a constructive trust on real property previously owned by the parties as tenants by the entirety (improperly denoted as a cause of action for a declaratory judgment), the defendant appeals from an order of the Supreme Court, Suffolk County, dated May 13, 1977, which denied her motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, and motion granted. The complaint, which in effect seeks the imposition of a constructive trust, fails to allege the necessary elements and is defective. No allegation is made as to any promise by the defendant; nor is there any allegation of detrimental reliance thereon by the plaintiff (see *Vassel v Vassel,* 40 AD2d 713). In addition, the conclusory statements made by plaintiff's counsel in his opposing affidavit is the only proof submitted by plaintiff. Such proof falls woefully short of the requirements of CPLR 3212 (subd [b]). The claim by plaintiff which seeks to rescind the Sheriff's sale at which the defendant wife obtained his interest in the marital home for a bid of $300, and his claim seeking a money judgment for one half the equity in the home at the time of the sale, must also be dismissed. Such relief is properly made by way of motion pursuant to CPLR 5240 and not by a plenary action (see *Levine v Berlin,* 46 AD2d 902). We make no determination as to whether CPLR 5240 authorizes a court to credit a judgment debtor with the market value of property sold on execution (cf. *Wandschneider v Bekeny,* 75 Misc 2d 32). Accordingly, the motion by defendant for summary judgment dismissing the complaint should have been granted (see *Philipps v Philipps,* 61 AD2d 979). Shapiro, J. P., Cohalan, Margett and Hawkins, JJ., concur.

■ CAROLE J. PHILIPPS, Respondent, v GEORGE W. PHILIPPS, Appellant. —In a matrimonial action, defendant appeals, as limited by his brief, from so much of a judgment of divorce of the Supreme Court, Suffolk County, dated March 16, 1977, as awarded child support and counsel fees. Judgment modified, on the law, on the court's own motion, by deleting so much thereof as fixed the amount of arrears at $21,325, and awarded plaintiff judgment in that amount, with interest thereon. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements, and action re-

manded to Trial Term for a hearing and a new determination as to arrears. Special Term did not abuse its discretion in making the awards of child support and counsel fees. However, after searching the record, we are of the opinion that Special Term did abuse its discretion in awarding the plaintiff a judgment for arrears in the amount of $21,325. The plaintiff wife obtained the defendant's interest in the marital home with a bid of $300 at a public sale upon execution of a judgment for arrears. The equity in the property, owned by the parties as tenants by the entirety, appears to have been in excess of $35,000 at the time of the sale. Thus the plaintiff obtained the entire equity in the house for $300. The defendant's efforts to obtain judicial relief from that sale have been ineffective (see *Philipps v Philipps*, 61 AD2d 979). On these facts, it is unjust to award plaintiff the full arrears due under the 1971 judgment of separation. At the hearing to be held on the remand, Special Term should consider the value to the wife of the husband's interest in the marital home at the time of the sale. In determining such value, the court should, of course, consider the contributions both parties made toward the purchase and maintenance of the house up to the time of the sale. We make no determination as to what extent arrears should be modified, if at all, but only direct Special Term to consider these factors when exercising its discretion in considering whether to modify the arrears (see Domestic Relations Law, § 244). Shapiro, J. P., Cohalan, Margett and Hawkins, JJ., concur.