■ GEORGE W. PHILIPPS, Respondent, v CAROLE J. PHILIPPS, Appellant. —In an action, *inter alia,* to impress a constructive trust on real property previously owned by the parties as tenants by the entirety (improperly denoted as a cause of action for a declaratory judgment), the defendant appeals from an order of the Supreme Court, Suffolk County, dated May 13, 1977, which denied her motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, and motion granted. The complaint, which in effect seeks the imposition of a constructive trust, fails to allege the necessary elements and is defective. No allegation is made as to any promise by the defendant; nor is there any allegation of detrimental reliance thereon by the plaintiff (see *Vassel v Vassel,* 40 AD2d 713). In addition, the conclusory statements made by plaintiff's counsel in his opposing affidavit is the only proof submitted by plaintiff. Such proof falls woefully short of the requirements of CPLR 3212 (subd [b]). The claim by plaintiff which seeks to rescind the Sheriff's sale at which the defendant wife obtained his interest in the marital home for a bid of $300, and his claim seeking a money judgment for one half the equity in the home at the time of the sale, must also be dismissed. Such relief is properly made by way of motion pursuant to CPLR 5240 and not by a plenary action (see *Levine v Berlin,* 46 AD2d 902). We make no determination as to whether CPLR 5240 authorizes a court to credit a judgment debtor with the market value of property sold on execution (cf. *Wandschneider v Bekeny,* 75 Misc 2d 32). Accordingly, the motion by defendant for summary judgment dismissing the complaint should have been granted (see *Philipps v Philipps,* 61 AD2d 979). Shapiro, J. P., Cohalan, Margett and Hawkins, JJ., concur.